**MARSH, Appellee,**

v.

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant.**

[Cite as *Marsh v. State Auto. Mut. Ins. Co.* (1997), 123 Ohio App.3d 356.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16308.

Decided Sept. 26, 1997.

*David G. Roach,* for appellee.

*John W. Slagle* and *Michael W. Sandner,* for appellant.

BROGAN, Judge.

This is an appeal from a summary judgment for a policyholder in an action for declaratory judgment that the policyholder brought to determine her insurance carrier's duty to pay benefits on an uninsured motorist claim. The summary judgment did not determine whether the carrier has a duty to pay benefits.

Rather, it determined only that the action is not barred by a policy provision that requires any action against the carrier for payment of uninsured motorist benefits to be commenced within two years after the accident from which the claim arose.

A. The appellate jurisdiction of this court is limited to review of final orders and judgments. Section 3 (B)(2), Article IV, Ohio Constitution. Final orders are defined by R.C. 2505.02 to include, *inter alia*, "an order that affects a substantial right made in a special proceeding." A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02, and, therefore, an order entered therein which affects a substantial right is final and appealable. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266. Accord *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213.

B. A substantial right is a legal right entitled to enforcement and protection by law. *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 2 O.O.2d 257, 142 N.E.2d 660. According to that standard, an order that denies a bar to coverage created by a clause in a contract of insurance affects a substantial right of the insurer. Therefore, the summary judgment from which this appeal is taken is a final judgment and subject to appellate review.

Plaintiff–appellee Irene Marsh maintained a policy of automobile liability insurance with defendant–appellant State Automobile Mutual Insurance Company when Marsh's automobile was involved in a collision with an automobile driven by Monty R. Hughes on November 22, 1990. The policy provided for uninsured motorist coverage, and specified that "[w]ith respect to such coverage, no legal action or arbitration proceeding may be brought against us unless the action or proceeding is begun within two years of the date of the accident."

Marsh commenced an action against Hughes for personal injuries and property loss on November 10, 1992. On March 22, 1993, Marsh learned that Hughes was uninsured at the time of the accident. On April 7, 1993, Marsh advised State Automobile Mutual that she intended to file a claim for uninsured motorist benefits. On October 3, 1993, Marsh obtained a default judgment against Monty R. Hughes.

After negotiations to settle her claim for uninsured motorist benefits had produced no agreement, Marsh commenced this action against State Automobile Mutual on September 2, 1994, to determine coverage and alleging a breach of contract. Marsh voluntarily dismissed her complaint on December 22, 1994. The claim was refiled on December 19, 1995, pursuant to R.C. 2305.19, the one-year saving statute.

After filing its answer, State Automobile Mutual moved for summary judgment, arguing that Marsh's declaratory judgment action is barred by the two-

year limitation period in the policy. Marsh conceded that more than two years had intervened from the November 22, 1990 accident until she commenced her action on September 2, 1994. However, Marsh argued that the two-year limitation should be subject to a discovery rule. She offered evidence in the form of an affidavit by her attorney, demonstrating that Marsh first learned that Monty R. Hughes was uninsured when her attorney received correspondence purporting to be from Hughes, and so stating, on November 22, 1993, more than two years after the date of the accident but less than two years before her declaratory judgment action was commenced.

The trial court denied State Automobile Mutual's motion for summary judgment, holding that the two-year limitation in the policy would be subject to a discovery rule. Therefore, the court held, the two-year period in which the action could be brought against State Automobile Mutual commenced to run when Marsh learned that Monty R. Hughes was uninsured. Seeing how the wind was blowing, Marsh then filed her own motion for summary judgment, asking the court to hold that the two-year limitation in the policy cannot bar her action. Marsh again relied on her attorney's affidavit.

State Automobile Mutual filed a motion contra, arguing that no discovery rule should apply. State Automobile Mutual offered no evidence to contradict Marsh's claim that she first learned that Monty R. Hughes was uninsured on November 22, 1993, though it did contend that correspondence purporting to be from Hughes that was attached to the affidavit of Marsh's attorney was "hearsay" and "simply a red herring."

The trial court granted Marsh's motion for summary judgment, holding that State Automobile Mutual could not interpose the two-year limitation to bar coverage because Marsh's action was filed less than two years after she "discovered" that Hughes was uninsured. State Automobile Mutual filed a timely notice of appeal, and now presents a single assignment of error, which states:

"The trial court erred in granting summary judgment for the appellee as the appellee's claim for uninsured motorist coverage was time barred.

"A. The trial court erred in finding that the insurance contract failed to validly establish a proper statute of limitations.

"B. The trial court erred in determining that the two–year limitation period, contained in the insurance contract commenced to run only after the appellee allegedly received notice that the tortfeasor·was uninsured."

■ The two-year limitation on actions on which State Automobile Mutual relies is not itself a statute of limitations. It is a contract provision that diminishes the fifteen-year statutory period during which an action on the contract otherwise must be brought pursuant to R.C. 2305.06. In place of the

fifteen-year term, the contract adopts the two-year statutory period during which an action for personal injuries must be brought pursuant to R.C. 2305.10.

Parties to an insurance contract may agree to a term shorter than the fifteen-year period in R.C. 2305.06 in which an action on the policy must be brought. *Broadview S. & L. Co. v. Buckeye Union Ins. Co.* (1982), 70 Ohio St.2d 47, 24 O.O.3d 109, 434 N.E.2d 1092. Nevertheless, any policy provision to that effect must be clear and unambiguous. *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 543 N.E.2d 488. Further, it may not eliminate or reduce the uninsured or underinsured motorist coverage that R.C. 3937.18 requires. *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309.

In *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 635 N.E.2d 317, the Supreme Court held that a provision in a policy of uninsured/underinsured motorist coverage that required any action against the carrier for payment of uninsured/underinsured motorist benefits to be brought within one year after the date of the accident is unreasonably short and, therefore, void as against public policy. The court went on to state:

"Finally, we do not suggest that time-limitation provisions of the type at issue in this case are altogether prohibited. Consistent with our analysis, a two-year period, such as that provided for bodily injury actions in R.C. 2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy." *Id.* at 624–625, 635 N.E.2d at 321.

State Automobile Mutual argues that the two-year limitation period in its policy is consistent with and is based on the Supreme Court's statement in *Miller*. A right to coverage under the uninsured motorist provisions of a policy of automobile liability insurance accrues on the date of the injury from which the claim arose. *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323. However, because the tortfeasor's uninsured status is a condition precedent to such coverage, the insured cannot reasonably be required to bring an action against the carrier for payment of uninsured motorist benefits until he determines that the tortfeasor is uninsured. *Id.* If the time then remaining in the period allowed for such actions by the policy is unreasonably short, the limitation will be held to be void as against public policy. *Miller v. Progressive Cas. Ins. Co., supra.* That rule has been applied to a period of three and one-half months remaining in a two-year contractual limitation period after the insured learned of the tortfeasor's uninsured status. *Kraly v. Vannewkirk, supra.*

In *Kraly,* the tortfeasor's insurance carrier became insolvent twenty and one half months after the date of the accident giving rise to the insureds' injuries. At

the time of the accident, no right of action under the insureds' insurance contract had accrued, since the tortfeasor was at that time insured. Since the insureds had initially been informed that the tortfeasor was insured, they had no reason to suspect that the two-year time limitation for bringing a suit against their own insurance carrier under their uninsured motorist coverage had any application to them. It was only when the insureds learned of the tortfeasor's insurance carrier's insolvency that they were on notice that the two-year contractual limitation applied to them.

Accordingly, the Ohio Supreme Court appropriately held that where a liability insurer of a tortfeasor has been declared insolvent, a right of action of an insured injured by a tortfeasor against his insurer under the uninsured motorist provision in his automobile contract accrues on the date the insured receives "notice" of the insolvency. *Kraly*, 69 Ohio St.3d 627, 635 N.E.2d 323, paragraph three of the syllabus.

In the usual situation the insured has ample time to discover the insured status of the tortfeasor within the two-year contractual period. Indeed the insured will usually learn on the date of the accident or shortly thereafter whether the tortfeasor was insured under an automobile liability policy. It is unlawful to operate a motor vehicle in this state unless proof of financial responsibility is maintained. R.C. 4509.101. Proof of financial responsibility is ordinarily provided by use of financial responsibility identification cards, which every insurer writing motor vehicle insurance in Ohio is required to provide to every policyholder. R.C. 4509.103. Discovering the insurance status of a tortfeasor is quite unlike discovering medical or legal malpractice. In the latter situation the Ohio Supreme Court has been willing to toll the short statute of limitations period for bringing such actions while the malpractice remains undiscovered. *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337.

It being undisputed that the appellee did not file her legal action against the appellant within two years of the date of the accident as required by the insurance contract, the trial court erred in granting the appellee's motion for summary judgment and in not entering summary judgment for the appellant insurance company.

The judgment of the trial court is reversed and judgment is entered in favor of the appellant, State Auto Mutual Insurance Company.

*Judgment reversed.*

WOLFF, J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

I respectfully dissent from the decision of the majority.

The two-year period during which an uninsured motorist claim must be presented which is a condition to State Automobile Mutual Insurance Company's ("State Auto") duty to provide Irene Marsh the uninsured motorist coverage that it sold her is founded, according to State Auto, on a statement by the Supreme Court in *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 635 N.E.2d 317. Though it there found a one-year claims period to be unreasonably short and against public policy, the court went on to state:

"Finally, we do not suggest that time-limitation provisions of the type at issue in this case are altogether prohibited. Consistent with our analysis, a two-year period, such as that provided for bodily injury actions in R.C. 2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy." *Id.* at 624–625, 635 N.E.2d at 321.

This court is bound to follow and apply the precedents announced by the Supreme Court of Ohio. However, not every statement of a court creates a controlling precedent. Only those that are necessary to the decision that the court renders are a part of the *ratio decidendi*, the rule of law on which a case is decided, which forms the controlling precedent announced in the case. Language not directly related to the question before the court, that is, language incidental or collateral to the question decided, is *obiter dictum*, which inferior courts are not obliged to follow.

In Ohio, "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication." S.Ct.R.Rep.Op. 1(B). Other pronouncements in the text of the court's opinions are surely authoritative, and cannot be ignored. However, they do not carry the precedential force of a statement made in a syllabus.

The syllabus in *Miller v. Progressive Cas. Ins. Co., supra*, reads:

"A provision in a policy for uninsured or underinsured motorist coverage which precludes the insured from commencing any action or proceeding against the insurance carrier for payment of uninsured or underinsured motorist benefits, unless the insured has demanded arbitration and/or commenced suit within one year from the date of the accident, is void as against public policy. (*Duriak v. Globe Am. Cas. Co.* [1986], 28 Ohio St.3d 70, 28 OBR 168, 502 N.E.2d 620, overruled to the extent inconsistent herewith.)"

In both *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167, and *Duriak v. Globe Am. Cas. Co.* (1986), 28 Ohio St.3d 70, 28 OBR 168, 502 N.E.2d 620, the Supreme Court had approved one-year claims-reporting requirements for uninsured motorist coverage. Therefore, and appropriately, both decisions were overruled as precedent by *Miller, supra.* Because the two-year claims period approved in *Miller* was not before the court, its statement concerning that period is not a part of the controlling precedent of the court's decision in the case. We may not ignore it, but we are not required to follow it when the facts before us support a contrary result, as the facts do here. Two difficulties are presented by them.

First, in this case the insured was not aware of the tortfeasor's uninsured status until more than two years had passed from the date of the accident. This fact operated to automatically exclude Marsh from the benefits of the uninsured motorist coverage that she had purchased by requiring her to claim it before she had notice of the fact that she was entitled to it. The only way to cure that problem, consistent with *Miller,* is to impose a due-diligence obligation on the insured to inquire about the tortfeasor's insurance status within the two-year period after the accident. That is not an entirely satisfactory rule. Even when the inquiry is made, it may not be answered. Then, the insured must file a lawsuit to protect his rights. Promoting litigation should not be endorsed as a method of obtaining the benefit of contract rights.

Second, *Miller* apparently approved a two-year period for making an uninsured motorist claim because the underlying action against the tortfeasor must be brought within two years, pursuant to R.C. 2305.10. An action that is voluntarily dismissed after the limitations period ends may be refiled within one year thereafter, pursuant to R.C. 2305.19. That is what happened here, and in that event the period for making an uninsured claim should not be shorter in term.

These problems show why judicial approval of any specific period of time that applies uniformly in all cases is a snare and a delusion. The better approach is that taken in *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323, which, in effect, applies a discovery rule to determine when an uninsured motorist claim accrues. There, the court held that because a policyholder cannot make an uninsured claim until he determines that the tortfeasor is uninsured, the policyholder's claim for uninsured motorist coverage does not accrue until he discovers the tortfeasor's uninsured status. This court recently held the same with respect to underinsured motorist claims. *Davis v. Farmers Ins. Group* (Sept. 19, 1997), Montgomery App. No. 16378, unreported, 1997 WL 578954.

Any limitation on coverage that a policy creates should be construed strictly against the insurer and liberally in favor of the insured, in order that the purpose of the insurance shall not be defeated. *Kitt v. Home Indemn. Co.* (1950), 153

**364**

Ohio St. 505, 41 O.O. 511, 92 N.E.2d 685. Engrafting a discovery rule onto the coverage limitation created by the two year claims period benefits the insured, who is burdened by engrafting a due-diligence requirement. As between the two, a discovery rule is the better alternative because it preserves the uninsured motorist coverage that R.C. 3937.18 was enacted to create. *Id.* Use of a discovery rule to bring a time requirement into accord with the purposes of the law is an equitable remedy which the courts have an inherent power to impose. See *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727; *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111, 5 OBR 247, 449 N.E.2d 438; *Liddell v. SCA Serv. of Ohio, Inc.* (1994), 70 Ohio St.3d 6, 635 N.E.2d 1233.

I would overrule the assignment of error and affirm the judgment of the trial court on the foregoing basis.