On February 3, 1994, the appellant, Kenneth Laibson, filed suit against appellee, CNA Insurance Companies ("CNA"), for breach of contract. Laibson's complaint alleged that CNA, Laibson's automobile insurer, failed to provide uninsured-motorist coverage for a 1991 accident involving Laibson and Barbara Myatt. On August 18, 1998, the trial court entered summary judgment in favor of CNA. Laibson appeals from that decision, claiming that the trial court erred in granting summary judgment. We suasponte remove this case from the accelerated calendar to address the single assignment of error raised by Laibson.
A trial court may grant summary judgment only when the moving party demonstrates that the record is devoid of genuine issues of material fact and that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Civ. R. 56(B); see, e.g., Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801; Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. Where there are no disputed issues, summary judgment is properly granted to avoid a formal trial; however, the trial court may only grant summary judgment after construing the evidence in favor of the nonmoving party. Norris v. Ohio Std. OilCo. (1982), 70 Ohio St.2d 1, 2, 433 N.E.2d 615, 616;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267, 274. An appellate court reviews the recordde novo to determine whether the party moving for summary judgment has met its burden. Id.; Wille v.Hunkar Laboratories, Inc. (Dec. 31, 1998), Hamilton App. No. C-971107, unreported, 1998 WL 906415.
"A right to coverage under the uninsured motorist provisions of a policy of automobile liability insurance accrues on the date of the injury from which the claim arose." Marsh v. StateAutomobile Mutual Ins. Co. (1997), 123 Ohio App.3d 356,704 N.E.2d 280, citing Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627,635 N.E.2d 323. The uninsured status of the tortfeasor is a condition precedent to coverage. Marsh,supra. If the insured is legally entitled to recover from the tortfeasor, and demonstrates that either (1) the tortfeasor was uninsured at the time of the accident, (2) that the tortfeasor is unidentified, or (3) that the tortfeasor's insurer has become insolvent, then the insurer is obligated to provide uninsured-motorist coverage. R.C. 3937.18(A) and3937.18(D); Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627,635 N.E.2d 323; Miller v. Progressive Cas. Ins.
(1994), 69 Ohio St.3d 619, 635 N.E.2d 317. The insured'slegal right to recover is subject to any and all statutory and common-law defenses, except the defenses of immunity under R.C. Chapter 2744 and diplomatic immunity. R.C.3937.18(A)(1).
The determination of the insured status of a tortfeasor is sometimes problematic if the tortfeasor is uncooperative at the scene of the accident and fails to provide the requested insurance information. An "insured cannot reasonably be required to bring an action against the carrier for payment of uninsured motorist benefits until he determines that the tortfeasor is uninsured."Marsh, supra. Despite the inability of the insured to determine whether the tortfeasor was insured at the time of the accident, the insured is not precluded from filing a tort action against the tortfeasor within the two-year statute-of-limitations period. R.C. 2305.10. The failure of the insured to bring an action within two years means that the insured is no longer legallyentitled to recover from the tortfeasor, and no longer entitled to seek uninsured-motorist coverage under an insurance policy, because the insurer "would thus be prohibited from pursuing its subrogation rights against the wrongdoer." State Farm MutualAutomobile Ins. Co. v. Webb (1990), 54 Ohio St.3d 61, 65,562 N.E.2d 132, 135.
Laibson's accident in April of 1991 resulted in $494.44 damage to his vehicle. CNA paid $294.44 to reimburse Laibson for the property damage, after subtracting $200 from the total property-damage amount due to Laibson's deductible amount. Additionally, Laibson's medical bills at the time were reimbursed by CNA in the amount of $228. CNA sought reimbursement of these expenses from Barbara Myatt pursuant to its subrogation rights; however, Myatt refused to cooperate with CNA or its collection agent. Thus, CNA decided to abandon its efforts to recover any amounts from Myatt. At no time did CNA discover whether Myatt was insured, nor was it under a duty to do so. In fact, Myatt claimed at the time of the accident, and at her trial in Hamilton County Municipal Court for the traffic violation, that she was insured. See State v. Myatt (Oct. 31, 1991), Hamilton Cty. M.C. No. 91TRD25039, unreported.
At no time prior to the filing of the lawsuit in this case in 1994 did Laibson file an uninsured-motorist claim with CNA. At the time the lawsuit was filed, Laibson's legal right to recover from Myatt in a tort action was barred by the statute of limitations. R.C. 2305.10. Due to that bar, Laibson was no longer entitled to uninsured-motorist coverage, because CNA would no longer be able to pursue Myatt under its subrogation rights. See Webb, supra.
Laibson claims that since CNA failed to inform him of the running of the statute of limitations sixty days prior to April 26, 1993, pursuant to Ohio Adm. Code 3901-1-54(G)(5), CNA may not raise the statute of limitations as a defense to Laibson's uninsured-motorist claim. We disagree. Laibson informed CNA that he had retained counsel on January 4, 1993, nearly three and a half months prior to the expiration of the statute of limitations for a possible tort claim against Myatt. Once Laibson retained counsel, CNA no longer had a duty to inform Laibson that the statute of limitations was due to run. See Ohio Adm. Code 3901-1-54(G)(5). The failure of Laibson's counsel to preserve Laibson's right to bring suit for his personal injuries is not the fault of CNA.
Since Laibson was no longer legally entitled to recover damages from Myatt, Laibson may no longer pursue an uninsured-motorist claim against CNA. Due to the statutory bar, there were no longer any genuine issues to try, and the trial court correctly ruled for CNA on its motion for summary judgment. Therefore, Laibson's assignment of error is overruled, and the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App. R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App. R. 27.
Judgment affirmed.
Doan, P.J., and Painter, J., concur.