DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a partial summary judgment issued by the Toledo Municipal Court in favor of the owner of buried utility facilities.
 {¶ 2} Appellee, Columbia Gas of Ohio, Inc., is a supplier of natural gas to commercial and residential customers through a network of underground pipes. Appellant, Crestline Paving Excavating Co., Inc., is a contractor engaged in excavation for various public improvements.
 {¶ 3} On June 21, 2000, appellee sued appellant in the Toledo Municipal Court alleging that on 19 separate occasions between 1998 and 2000, appellant negligently damaged appellee's buried pipeline while excavating. Appellee sought damages in the amount of $8,444.44, the cost to repair the pipes.
 {¶ 4} On February 7, 2001, appellant filed a separate suit against appellee, seeking $11,335.04 in "economic damages" from lost time allegedly sustained by it while appellee repaired pipes damaged, according to appellant, because appellee or its agent had mismarked the location of its underground pipes. The two cases were consolidated, following which appellee counterclaimed for an additional nine allegations of damaged buried pipe.
 {¶ 5} Appellant did not dispute 12 of the original claims. On these, appellee was granted summary judgment. In the same judgment entry, the court found appellant's claims barred by application of Ohio's Economic Loss rule and also granted appellee summary judgment on appellant's complaint. Appellant subsequently consented to judgment on five of appellee's counterclaims. The remaining claims went to trial, resulting in a verdict for appellant on all but one of the claims and counterclaims still at issue.
 {¶ 6} On appeal, appellant limits its challenge solely to the trial court's decision to bar its "economic loss" claims. Appellant sets forth the following single assignment of error:
 {¶ 7} "The trial court erred in granting Columbia Gas Company's motion for summary judgment dismissing Crestline's complaint."
 {¶ 8} Amicus curiae briefs have been filed by the Ohio Gas Association in support of appellee's position and the Ohio Contractor's Association in support of appellant's argument.
 {¶ 9} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 10} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 11} A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. InterimPersonnel, Inc.(1999), 135 Ohio App.3d 301, 304; Needham v. ProvidentBank (1996), 110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248.
 {¶ 12} Both parties devote substantial argument as to whether appellee did, or should have, properly marked the location of its underground lines when properly notified by appellant of its intention to dig. This is a question that is only material if Ohio law allows recovery of "economic damages" under the circumstances before us.
 {¶ 13} In this context, "economic damage" is an intangible economic loss that does not arise from tangible physical harm to persons or property. Floor Craft Floor Coverings, Inc. v. Parma Comm. Gen. Hosp.
(1990), 54 Ohio St.3d 1, 3, citing Keeton, Prosser and Keeton on Torts (5 ed. 1984), 657, Section 92. Here, appellant alleges that because appellee was negligent in marking the location of its underground lines, appellant dug into those lines during its excavation. Since, for safety reasons, appellant was required to halt its work until appellee's crews repaired the damaged gas lines, appellant seeks compensation for its loss of productivity during this "down time."
 {¶ 14} The economic loss rule provides that where there is no physical damage and loss is only pecuniary, such, "* * * purely economic interests are not entitled to protection against mere negligence, and so have been denied recovery." Chemtrol Adhesives v. American Mfrs. Ins.Co. (1989), 42 Ohio St.3d 40, 45, citing Prosser, Law of Torts (4 ed. 1971), 665, Section 101. This is the majority rule and the one to which Ohio adheres. Id.; Inglis v. Am. Motors Corp. (1965), 3 Ohio St.2d 132, paragraph one of the syllabus.
 {¶ 15} The adoption of the rule represents a policy that limits the duty owed by one to another who has sustained only a loss of expectations. Absent some agreement between the parties, no duty exists with respect to purely economic harm. Chemtrol Adhesives, supra. The decision to draw the line here reflects a social judgment as to where the loss should fall. See Wallace v. Ohio Dept. of Commerce, 96 Ohio St.3d 266,274, 2002-Ohio-4210 ¶ 24. "[A]bsen[t] privity of contract no cause of action exists in tort to recover economic damages * * *." FloorCraft, supra, syllabus.
 {¶ 16} Appellant, in this matter, however, insists that the syllabus rule of Floor Craft was modified by Foster WheelerEnviresponse, Inc. v. Franklin Cty. (1997), 78 Ohio St.3d 353. Appellant maintains that in Enviresponse the court "held," at 365-366, that "[p]rivity, or its substitute" is sufficient to make purely economic damages recoverable in a negligence action. Moreover, according to appellant, that substitute exists, at least in public improvement projects, by virtue of R.C. 153.64.
 {¶ 17} R.C. 153.64 requires, inter alia, that a contractor, who intends to commence excavation in an area where there may be underground utilities, notify the owners of such buried facilities at least two working days before the contractor begins to dig. The utility, then, is required to mark the location of the buried facilities before the dig begins. R.C. 153.65(C). Citing United Telephone v. Williams Excavating
(1997), 125 Ohio App.3d 135, appellant contends this statutorily mandated requirement provides a sufficient privity substitute to defeat the economic damages rule.
 {¶ 18} This court is bound to follow and apply the precedents of the Supreme Court of Ohio. However, not everything stated in opinions of the Ohio Supreme Court are controlling precedents. Only determinations necessary to the decision form the ratio dicidendi, the rule of law, on which a case is decided. Black's Law Dictionary (6th ed. 1990), 1262; see, also, Marsh v. State Auto Mut. Ins. Co. (1997), 123 Ohio App.3d 356,362, (Grady, J., dissenting). Language which is incidental or collateral to the question decided are obiter dictum, id. at 1072, which we are not obliged to follow.
 {¶ 19} The language in Foster Wheeler Enviresponse, supra, upon which appellant relies for its "privity or its substitute" exception, in fact, rejected Enviresponse's assertion that "excessive control" provided a sufficient substitute for contractual privity to negate the rule. The court responded to the argument that it does as follows:
 {¶ 20} "There is no need for the court to revisit, clarify, or define the parameters of Floor Craft at this time. It is sufficient to note that there is no such thing as a cause of action for excessive control. Privity, or its substitute, is not a tort; it serves only to identify an interest or establish a relationship necessary to allow for the bringing of a tort action for purely economic damages. Regardless of whether the threshold requirement for privity is met, or even justified, there can be no recovery where a necessary element to the tort itself is found to be missing." Id. at 365-366.
 {¶ 21} From this language, it is clear, first, that the privity issue was not necessary for the determination of the case, but also that the use of the phrase "or its substitute" was not intended to signal a policy shift with respect to the economic damages rule. While it is true that in specific instances courts have fashioned a substitute for privity, see, e.g. Haddon View Inv. Co. v. Coopers Lybrand (1982),70 Ohio St.2d 154, we find no trend for a liberalization of the rule.
 {¶ 22} Concerning any privity substitute created by the statute, R.C. 153.64 itself provides that:
 {¶ 23} "Except as noted in this division, this section does not affect rights between the contractor and its subcontractor and the owner of the underground utility facility for failure to mark or erroneously marking utility lines." R.C. 153.64(D)
 {¶ 24} Since the economic damages rule was part of Ohio's common law decades before the enactment of R.C. 153.64, it is part of the rights the statute specifically states are unaffected by the law. Moreover, we find nothing else in the statute to except this situation from the rule.
 {¶ 25} Finally, with respect to United Telephone, supra; this was a case from the Court of Appeals for Allen County and is persuasive only with respect to this court. Additionally, it appears to deal only with a jury instruction in which the court disclaims the "* * * need * * * to examine the various tort theories stemming from R.C. 153.64." It, therefore, appears our conclusion is not expressly in conflict with the ratio dicidendi of United Telephone.
 {¶ 26} In sum, we reject appellant's assertion that R.C. 153.64
creates a privity substitute to take its claims out of the economic damages rule. Accordingly, the trial court did not err in granting summary judgment on claims for economic damages only. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 27} On consideration whereof, judgment of the Toledo Municipal Court is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.