DECISION
{¶ 1} Appellants, Robbin S. Davis and Robert L. Davis, appeal from a judgment of the Franklin County Court of Common Pleas which granted summary judgment in favor of appellee, Allstate Insurance Company, in this action seeking uninsured motorist benefits.
 {¶ 2} At all times relevant to this appeal, appellants had an automobile insurance policy with Allstate providing uninsured motorist coverage. In the insurance contract, Allstate agreed to "pay those damages which an insured person or an additional insured person * * * is legally entitled to recover from the owner or operator of an uninsured auto * * * because of bodily injury sustained by an insured person or an additional insured person." The policy defined an "uninsured auto" as "a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident." Under the heading "Legal Actions," the policy stated:
Any legal action against Allstate must be brought within two years of the date of the accident. No one may sue us under this coverage unless there is full compliance with all the policy terms.
If, at any time before we pay for the loss, an insured person or additional insured person * * * institutes a suit against anyone believed responsible for the accident, we must be given a copy of the summons and complaint or other process. If a suit is brought without our written consent, we aren't bound by any resulting judgment.
 {¶ 3} On May 30, 1996, appellants were injured in an auto accident caused by Michael J. Jordan. At the time of the accident, Jordan indicated he had an automobile insurance policy with Allstate. In August 1996, Allstate apparently informed appellants that Jordan was not insured by Allstate, but that Allstate would investigate further and notify appellants if it discovered the identity of Jordan's insurer. The parties do not dispute that Allstate determined Jordan was uninsured in January 1997, but did not inform appellants of this fact.
 {¶ 4} On May 28, 1998, appellants filed suit against Jordan for damages sustained in the accident, amending the complaint to include Allstate as a defendant on May 29, 1998; however, appellants never served process on Allstate. The whereabouts of Jordan remained elusive, and appellants finally obtained service of process upon him by publication in March 1999. On September 28, 1999, appellants moved for a default judgment against Jordan and Allstate, and Allstate was served process on the motion. The trial court granted the default judgment, and the matter was referred to a magistrate for a damages hearing in December 1999. In February 2000, the court adopted the magistrate's decision and a final entry was journalized in April 2000. Although not reflected in the record of the instant case, the trial court apparently held the default judgment was not binding on Allstate.
 {¶ 5} Appellants filed an action against Allstate on May 30, 2000, this time promptly obtaining service of process. In February 2002, Allstate moved for summary judgment, which the trial court granted on October 29, 2002. It is from this summary judgment decision that appellants now raise the following errors:[1]
I. The lower court committed reversible error in granting summary judgment in favor of Defendant Allstate Insurance Company, because Defendant was not entitled to judgment as a matter of law and the case presented genuine issues of material fact which demand jury resolution.
II. The lower court committed reversible error by denying Plaintiffs' motion for Summary Judgment because the facts, even when construed most strongly in favor of Defendant, clearly establish that Defendant did not have reasonable justification for denying Plaintiff's claim under the policy at issue.
III. The lower court committed reversible error in finding that the lawsuit filed by Plaintiffs against the Defendant did not comply with the two-year contractual limitations period contained in the policy.
 {¶ 6} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 7} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 8} Appellants' assignments of error are related and will be discussed together. A threshold issue involves appellants' assertion that the filing of their initial lawsuit in May 1998 complied with policy language requiring them to have "brought" their legal action against Allstate within two years, since nothing in the policy suggests that appellants had to have obtained service of process on Allstate. The trial court rejected this assertion on the basis that the concept of "bringing" an action is the equivalent of "commencing" an action, described in Civ.R. 3 as occurring when the plaintiff "[files] a complaint with the court, if service is obtained within one year from such filing upon a named defendant." The parties do not dispute that appellants failed to obtain service upon Allstate within one year from filing their amended complaint in May 1998. The trial court determined that filing alone is insufficient to comply with the limitations period in the policy.
 {¶ 9} The language in the Allstate policy stating that "[a]ny legal action against Allstate must be brought within two years of the date of the accident," is modeled after statutes of limitations for bodily injury or death actions and is an effort to shorten the standard 15-year limitation for actions on contracts. See Lane v. Grange Mut.Cos. (1989), 45 Ohio St.3d 63, 64. In Lane, the court declared ambiguous a policy term which required legal action to be brought "within the time period allowed by the applicable statute of limitations for bodily injury or death actions," since so many unstated factors affected when the time for bringing suit began to run or could have been tolled. The clearer limitations period, utilized in the contract at issue in this case, specifies that legal action will be brought within two years of the accident, which corresponds to the two-year limit contained in the statute of limitations for bodily injury claims codified at R.C. 2305.10.
 {¶ 10} Because the policy is modeled upon the statute of limitations, any issue as to the meaning of the phrase "must be brought" may be resolved by looking to statutory language defining when and how an action is initiated for purposes of the statutes of limitations. R.C.2305.17 provides: "An action is commenced within the meaning of sections2305.03 to 2305.22 * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." R.C. 2305.10 provides: "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." R.C. 2305.10 uses a form of the verb "to bring" while R.C. 2305.17 uses a form of the verb "to commence." Read in tandem, the two statutes indicate that the legislature used the two verbs interchangeably, and that the initiation of legal action (whether it be "brought" or "commenced") necessarily includes obtaining service of process. Thus, we agree with the trial court that the policy's statement that any legal action "must be brought" within two years of the accident unambiguously required appellants to have obtained service of process within one year of having filed their action against Allstate.
 {¶ 11} Appellants also claim that, even if their May 1998 complaint fails, their May 2000 complaint was timely because their cause of action did not accrue until it was established that Jordan was an uninsured motorist, which they assert was in September 1998, when they obtained a default judgment against him. In support, appellants point to the fact that Jordan did not reveal he was uninsured at the time of the accident, and that Allstate knew, as early as January 1997, that Jordan was uninsured and did not share this information with appellants. According to appellants, because determining the uninsured status of the tortfeasor is a condition precedent to claiming coverage, the time for filing did not begin until that status was established, and the failure to obtain service on the first lawsuit was not fatal to their claim.
 {¶ 12} The trial court rejected this argument on the basis that strict construction of the contract required the action to have been filed within two years of the accident, and that, according to the contract, the cause of action accrued at the time of the accident. In so holding, the court distinguished cases indicating that an accrual can occur later than the date of the accident on the grounds that those cases dealt with underinsured motorist clauses, which by definition require a judicial determination that the tortfeasor's insurance was insufficient, or because the cases were otherwise inapposite.
 {¶ 13} In general, two-year limitations periods contained in automobile insurance policies are not against public policy. Miller v.Progressive Cas. Ins. Co. (1994), 69 Ohio St.3d 619, 624-625. Parties to a contract may agree to limit the time for bringing an action to a period less than that provided by relevant statutes of limitation, so long as that period is reasonable. Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627,632, citing United Commercial Travelers v. Wolfe (1947), 331 U.S. 586,608. In Kraly, the court addressed a factual scenario in which the insureds initially sued the tortfeasor, but discovered during the course of the litigation that the tortfeasor's insurer had been declared insolvent. The insureds then attempted to amend their complaint to include claims against their own insurer, but were unsuccessful because the insurer claimed that the attempted amendment occurred outside the policy's limitation period, which was only one year. In holding that the limitations provision in the contract violated public policy, the court stated, at 633-634:
* * * The uninsured motorist coverage section of the policy states at one point that there is no coverage until the issues relating to the liability of the tortfeasor are resolved. It states elsewhere that there is "no right of action against [it] * * * until all the terms of [the] policy have been met." Obviously encompassed within this language are the events that are a condition precedent to coverage. The condition precedent to uninsured motorist coverage of the insured is a determination that, for the reasons identified in the policy, the tortfeasor is uninsured. One such circumstance is the insolvency of the insurer of the tortfeasor. The insolvency was therefore the triggering event for uninsured motorist coverage. Without such an event, uninsured motorist coverage would not be operative. Accordingly, any demand by appellants upon appellee to provide uninsured motorist coverage prior to the insolvency determination would have been properly rejected by appellee under the terms of the policy. Nevertheless, appellee makes the argument that the limitations period for purposes of its uninsured motorist coverage commenced on the date of the accident even though its exposure to liability could not arise until after the insolvency determination. * * *
(Emphasis sic.)
 {¶ 14} The court went on to hold that, because the time remaining to the plaintiffs to commence an uninsured motorist action against the insurer was "unreasonably brief," the limitation provision in the policy was per se unreasonable and against public policy.
 {¶ 15} Appellants rely upon Kraly to assert that, contrary to the language in their policy which signified that the date of accrual of a cause of action was the date of the automobile accident, the actual date their cause against Allstate accrued was when it was definitively established that Jordan was uninsured. They claim that determination of Jordan's insurance status was particularly difficult in this case because Jordan remained an elusive defendant, and because Allstate purposely withheld information establishing that Jordan was uninsured. Thus, they claim that the limitation provision in the contract was unreasonable because it required them to have sued Allstate before it was even established that they had a valid claim against the insurer.
 {¶ 16} Under these facts, appellants' argument is not well-taken. The cases placing emphasis on the date of accrual, rather than a particular triggering event specified in the contract, are all inapposite. For example, this court's holding that the insured's action was timely in Kuhner v. Erie Ins. Co. (1994), 98 Ohio App.3d 692, hinged upon the fact that the insured was attempting to obtain underinsured, not uninsured, motorist coverage. The contract interpreted in Freeman v.Wayne Mut. Ins. Co. (Feb. 7, 2000), Madison App. No. CA99-07-018, contained a limitations clause similar to that in the present case, but, unlike our case, also indicated that an action would not accrue until the insurer denied coverage or refused to make a payment. Under the facts inFreeman, the two clauses operated to create an unreasonably short limitations period, and, following Kraly, the court permitted the insureds to maintain their cause of action against the insurer.
 {¶ 17} More closely related to the facts at bar is Marsh v. StateAuto. Mut. Ins. Co. (1997), 123 Ohio App.3d 356, in which the insured, after prosecuting a case against the tortfeasor, did not learn of the tortfeasor's uninsured status until after the expiration of the two-year limitations period contained in the policy. When the insured's subsequent claim for uninsured motorist benefits was unsuccessful, she sued the insurer, some four years after the date of the accident. The trial court in that case held that, despite language in the policy indicating the limitations period began to run on the date of the accident, the actual accrual date was the date that the insured learned that the tortfeasor was uninsured. The Second District Court of Appeals reversed, rejecting a "discovery rule" in favor of placing a duty on the insured to timely determine the uninsured status of a tortfeasor. Thus, under those facts, the appellate court found the insured had not shown the unreasonability of the contract's limitation period:
In the usual situation the insured has ample time to discover the insured status of the tortfeasor within the two-year contractual period. Indeed the insured will usually learn on the date of the accident or shortly thereafter whether the tortfeasor was insured under an automobile liability policy. * * * Discovering the insurance status of a tortfeasor is quite unlike discovering medical or legal malpractice. In the latter situation the Ohio Supreme Court has been willing to toll the short statute of limitations period for bringing such actions while the malpractice remains undiscovered. * * *
Id. at 361.
 {¶ 18} In the case at bar, the fact that appellants amended their initial complaint to add Allstate as a defendant within the two-year limitations period indicates either that appellants suspected Jordan was uninsured, or that appellants were not taking any chances. It was their failure to obtain service of process upon Allstate, and not any confusion about the terms of the contract or the status of the tortfeasor, which led to their failure to comply with the limitations period in the contract. While, like the Ohio Supreme Court, we could imagine a case in which the "willful procrastination on the part of the insurer may invalidate reliance on the limitations period," see Kraly, at 633, fn. 2, Allstate's failure to share with appellants any information it had regarding the insurance status of Jordan does not negate the fact that appellants had a duty to determine this status for themselves.[2]
Appellants did not "commence" or "bring" their cause of action within two years of the date of the accident, and none of the particular circumstances of their case operated to extend the time in which they were required to sue.
 {¶ 19} Because we agree with the trial court that Allstate properly demonstrated there were no genuine issues of material fact so that reasonable minds could only conclude Allstate was entitled to prevail, the court did not err in awarding Allstate judgment as a matter of law. Appellants' first, second and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of Allstate is affirmed.
Judgment affirmed.
DESHLER, J., concurs.
KLATT, J., concurring separately.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution
[1] The record in the case before us only contains pleadings relating to appellants' claim filed in May 2000. The trial court's decision granting summary judgment, as well as the appellate briefs of both parties, reference pleadings from the prior lawsuit, and, since the dates and contents of these pleadings are not in dispute, our references to them shall be as if that record had been filed in this appeal.
[2] Appellants have not alleged that Allstate acted in bad faith, and the record does not reveal any evidence that Allstate deliberately attempted to evade service of process, breached a duty to provide appellants with information regarding Jordan's insurance status, or otherwise tried to "run out the clock" on the limitations period.