**REESER, Appellee; Erie Insurance Company, Appellant,**

v.

**CITY OF DAYTON, Appellee, et al.**

[Cite as *Reeser v. Dayton,* 167 Ohio App.3d 41, 2006-Ohio-2333.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21303.

Decided May 5, 2006.

John A. Smalley, for appellee Kyle D. Reeser.

David A. Caborn, for appellant Erie Insurance Company.

Patrick J. Bonfield, Director of Law, and John C. Musto, Assistant City Attorney, for appellees City of Dayton & Scott D. Walker.

Brogan, Judge.

{¶ 1} Erie Insurance Company ("Erie") appeals from the trial court's decision and entry finding it obligated to provide uninsured-motorist coverage for plaintiff-appellee, Kyle D. Reeser. In its sole assignment of error, Erie contends that the trial court erred in holding that Reeser has a viable uninsured-motorist claim.

{¶ 2} The record reflects that Reeser was a passenger in a car hit by city of Dayton employee Scott Walker, who was operating a city-owned vehicle in the course and scope of his employment. Reeser filed a negligence suit against Walker and the city. He later filed an amended complaint and named Erie as an additional defendant for purposes of obtaining uninsured-motorist coverage if necessary.

{¶ 3} Erie subsequently moved for summary judgment, arguing that Reeser's uninsured-motorist claim was time barred and that the city was self-insured rather than uninsured. Walker and the city also moved for summary judgment, arguing that Walker was immune from liability, that Walker's city-owned vehicle was uninsured, and that Reeser should be required to exhaust his uninsured-motorist coverage through Erie before obtaining any damages from the city. The trial court resolved the motions in an April 28, 2005 decision and entry. The trial court held that Walker was immune from liability, that the city vehicle at issue was uninsured, and that Reeser's uninsured-motorist claim against Erie was not barred by a contractual two-year limitation period. This timely appeal by Erie followed.

{¶ 4} As noted above, Erie challenges the trial court's holding that Reeser has a viable uninsured-motorist claim against it. In support, Erie makes two arguments. First, it contends that the trial court erred in finding that the city automobile driven by Walker was uninsured. Erie argues that the vehicle was self-insured by the city and, therefore, that Reeser's uninsured-motorist coverage does not apply. Second, Erie claims that Reeser is not entitled to uninsured-motorist coverage, regardless of whether the city vehicle was uninsured or self-insured, because he did not comply with a two-year contractual limitation period for filing suit.

{¶ 5} As a means of analysis, we turn first to Erie's argument about the two-year limitation period contained in the policy it issued to Reeser. That provision states, "Legal action to recover under Uninsured/Underinsured Motorist Coverage must be initiated within two years from the date of the accident." The accident involving Walker and Reeser occurred on October 3, 2001. Reeser filed suit against Walker and the city on October 3, 2003. He did not initiate legal action against Erie for uninsured-motorist coverage until March 11, 2004,

when he filed an amended complaint. Therefore, under the plain language of Reeser's policy, his suit against Erie was untimely.

{¶ 6} In the trial court, however, Reeser argued that the two-year limitation period in his policy did not begin to run until February 2004, when the city took the position that it was uninsured. The trial court accepted Reeser's argument. In so doing, it distinguished our decision in *Marsh v. State Auto. Mut. Ins. Co.* (1997), 123 Ohio App.3d 356, 704 N.E.2d 280. In that case, the plaintiff was involved in an accident with a vehicle driven by Monty Hughes. The accident occurred on November 22, 1990. The plaintiff sued Hughes for personal injuries and property damage nearly two years later, on November 10, 1992. Thereafter, on March 22, 1993, the plaintiff discovered that Hughes was an uninsured driver. As a result, she filed a suit against her own automobile insurer, State Automobile Mutual, for uninsured-motorist benefits. Upon review, we concluded that the plaintiff's uninsured-motorist claim was barred by a two-year limitation period in her insurance policy. In reaching this conclusion, we rejected an argument that the two-year period was tolled until the plaintiff discovered the tortfeasor's uninsured status. In support, we reasoned:

{¶ 7} "In the usual situation the insured has ample time to discover the insured status of the tortfeasor within the two-year contractual period. Indeed the insured will usually learn on the date of the accident or shortly thereafter whether the tortfeasor was insured under an automobile liability policy. It is unlawful to operate a motor vehicle in this state unless proof of financial responsibility is maintained. R.C. § 4509.101. Proof of financial responsibility is ordinarily provided by use of financial responsibility identification cards, which every insurer writing motor vehicle insurance in Ohio is required to provide to every policyholder. R.C. § 4509.103. Discovering the insurance status of a tortfeasor is quite unlike discovering medical or legal malpractice. In the latter situation the Ohio Supreme Court has been willing to toll the short statute of limitations period for bringing such actions while the malpractice remains undiscovered." Id. at 361, 704 N.E.2d 280.

{¶ 8} The trial court found that in contrast to *Marsh*, 123 Ohio App.3d 356, 704 N.E.2d 280, Reeser's case did not represent "the usual situation." The trial court reasoned as follows:

{¶ 9} "The two year statute of limitations contained in the policy would normally be sufficient time to determine the status of the tortfeasor's insurance, but this is not the usual situation. The City does not have a policy of insurance, but the determination as to whether the City is uninsured or self-insured so as to trigger a UIM claim, requires a legal analysis of the pertinent statutes and case law. This is not the normal UIM claim whereby one could ascertain from the driver that he did not have insurance at the time of the accident and thus say he

is uninsured. Plaintiff states that the driver of the City's vehicle, Walker, did in fact have his own insurance policy at the time of the accident. The City did not have insurance, but has a general operating fund to pay for judgments. A layman of the law might not be able to discern the legal ramifications of this distinction. Further, the City had not been declared either uninsured or self-insured by the Court so as to trigger the UIM coverage under Erie's policy prior to the expiration of the statute of limitations contained in Erie's policy. The Court finds that the Plaintiff's claim, in this unusual situation, is not barred by the two year statute of limitations contained in the policy."

{¶ 10} Upon review, we conclude that the trial court erred in declining to find Reeser's uninsured-motorist claim time barred under the two-year limitation period in the Erie policy. In *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 635 N.E.2d 317, the Ohio Supreme Court held that a provision in an insurance policy requiring an action for uninsured- or underinsured-motorist benefits to be brought within one year of the accident is unreasonably short and, therefore, is void as against public policy. *Miller* also suggested, however, that "a *two-year* period, such as that provided for bodily injury actions in R.C. § 2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy." Id. at 624–625, 635 N.E.2d 317. In *Marsh*, 123 Ohio App.3d 356, 704 N.E.2d 280, we relied on the foregoing language from *Miller* to find that a two-year limitation period in the policy in that case was enforceable.[1]

{¶ 11} Although ascertaining the insurance status of a city may be more difficult than determining the insurance status of a tortfeasor who produces an insurance card at the scene, we nevertheless conclude, as we did in *Marsh*, that two years from the date of the accident was ample time for Reeser to investigate

---

1. In an effort to diminish the impact of *Miller*, 69 Ohio St.3d 619, 635 N.E.2d 317, Reeser argues that *Miller* found a two-year contractual limitation period to be reasonable but "did not state when the two year period should commence with respect to UM/UIM coverage." We disagree. When read in context, it is clear that *Miller* contemplated that the two-year limitation period would begin running on the date of the accident. Immediately after rejecting a contractual limitation period that required suit to be brought *within one year of an accident*, the Ohio Supreme Court stated, "Finally, we do not suggest that time-limitation provisions *of the type at issue in this case* are altogether prohibited. Consistent with our analysis, a *two-year* period, such as that provided for bodily injury actions in R.C. § 2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy." (Emphasis added.) *Miller*, 69 Ohio St.3d at 624–625, 635 N.E.2d 317. Notably, under R.C. 2305.10, which the *Miller* court cited as a comparable example, a cause of action for bodily injury also accrues when the injury occurs. Therefore, just as we did in *Marsh*, 123 Ohio App.3d 356, 704 N.E.2d 280, we read *Miller* as stating that a two-year contractual limitation period commencing on the date of an automobile accident is reasonable.

the issue and to file an uninsured-motorist action against Erie. The time problem here stems not from an unreasonably short contractual limitation period, but from the fact that Reeser waited until two years after the accident before he took any action. As noted above, the accident occurred on October 3, 2001. Reeser did not file his lawsuit against Walker and the city until October 3, 2003. He then promptly discovered *the following month* that the city claimed to be uninsured. Thus, it does not appear that the city's position regarding its insurance status was difficult to discover or that it could not have been determined within two years of the accident.[2]

{¶ 12} Insofar as Reeser suggests that some definitive finding of a tortfeasor's uninsured status (as opposed to a tortfeasor's mere assertion of uninsured status) is required before an uninsured-motorist claim accrues, we disagree. In apparent support of this proposition, he cites *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323. In *Kraly,* the tortfeasor's liability insurer became insolvent approximately 20 months after a car accident involving the tortfeasor and the injured plaintiffs and after the injured plaintiffs had filed suit against the tortfeasor. When the accident occurred, no claim for uninsured-motorist benefits existed, since the tortfeasor, at that time, was insured. Because the injured plaintiffs initially had been informed that the tortfeasor was insured, they had no reason to suspect that a two-year contractual limitation period in their own uninsured-motorist coverage would apply to them. Under these circumstances, the Ohio Supreme Court appropriately held that when a tortfeasor's liability insurer is declared insolvent, an action for uninsured-motorist coverage accrues on the date that the insured receives notice of the insolvency. More recently, the Ohio Supreme Court recognized that "*Kraly* unarguably involved a unique factual situation, and this court accordingly fashioned a remedy based upon concepts of fairness and public policy." *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 287, 695 N.E.2d 732.

{¶ 13} The facts of the present case bear no resemblance to *Kraly.* Unlike the tortfeasor in *Kraly,* the city did not go from being insured at the time of the accident to being uninsured long after Reeser filed suit against it. Rather, almost immediately after Reeser filed a negligence action against the city, it informed him that it was uninsured. The city's position on this issue has been discoverable by Reeser since the date of the accident. Thus, unlike the injured

---

2. Likewise, in *Marsh,* 123 Ohio App.3d 356, 704 N.E.2d 280, the accident occurred on November 22, 1990. The plaintiff filed suit against the tortfeasor almost exactly two years later, on November 10, 1992. The plaintiff then discovered on March 22, 1993, that the tortfeasor was uninsured. Despite the fact that the plaintiff did not make this discovery until after the two-year contractual limitation period for bringing an uninsured-motorist claim had expired, we held that two years from the date of the accident was ample time for the plaintiff to have discovered the tortfeasor's insurance status.

plaintiffs in *Kraly,* Reeser certainly could have obtained the information about the city's insurance status within two years of the accident. We discern no reason to conclude otherwise.

{¶ 14} The other cases cited by Reeser are equally distinguishable. *Dietrich v. Nationwide Mut. Ins. Co.* (Nov. 15, 1995), Hamilton App. No. C–950042, 1995 WL 675962, *Kuhner v. Erie Ins. Co.* (1994), 98 Ohio App.3d 692, 649 N.E.2d 844, and *Sykes v. Farmers Ins. of Columbus, Inc.* (Feb. 26, 1999), Hamilton App. No. C–980538, 1999 WL 94646, involved claims for *underinsured*-motorist coverage. In each case, the insurance policy contained a two-year contractual limitation period for bringing a claim but also precluded coverage until other available insurance was exhausted. The First and Tenth Districts held that the two-year limitation period was void under those circumstances. In each case, the appellate court recognized that the two-year period could extinguish an insured's claim before it ever accrued. The final two cases cited by Reeser, *Motz v. Erie Ins. Co.* (Mar. 12, 1996), Franklin App. No. 95APE09–1144, 1996 WL 112648, and *Kurtz v. Wayne Mut. Ins. Co.* (Nov. 29, 1999), Richland App. No. 99CA24, 2000 WL 1608, simply applied and followed the Tenth District's decision in *Kuhner.* Unlike the foregoing cases, Reeser's lawsuit against Erie is one for *uninsured*-motorist coverage. As logically might be expected, the Erie policy at issue here contains no language precluding *uninsured*-motorist coverage until other insurance is exhausted. Therefore, the underinsured-motorist cases upon which Reeser relies are not on point.

{¶ 15} In our view, two years from the date of the accident was sufficient time for Reeser to have determined the city's position regarding its insurance status and to file an uninsured-motorist action against Erie. The two-year contractual limitation period in the Erie policy was reasonable and appropriate under the facts of this case. As a result, the trial court erred in holding that Reeser had a viable uninsured-motorist claim against the city. In light of this conclusion, we need not address Erie's alternative argument that the city is self-insured rather than uninsured. Regardless of whether the city actually is uninsured, Erie was entitled to summary judgment on Reeser's suit for uninsured-motorist coverage, because Reeser filed the action against Erie beyond the two-year contractual limitation period.

{¶ 16} Finally, regardless of whether the city is deemed self-insured or uninsured, it appears that Reeser will have an opportunity to recover on his personal-injury suit against the city, which has admitted that it pays such judgments out of its general operating funds. The only effect of our ruling is that Reeser cannot obtain uninsured-motorist coverage from Erie.

{¶ 17} Based on the reasoning set forth above, we sustain Erie's sole assignment of error. The judgment of the Montgomery County Common Pleas is

hereby reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GRADY, P.J., and DONOVAN, J., concur.