{¶ 17} The facts of the present case are relatively simple.
 {¶ 18} On June 14, 2001, Angel was injured while occupying a vehicle operated by Reed. At the time of the injury, Reed claimed to have liability insurance with Nationwide. In fact, Reed's policy with Nationwide was cancelled about three months prior to the accident.
 {¶ 19} At the time of the injury, Angel had uninsured/underinsured motorist insurance with Allstate. According to the policy's terms, Angel had two years, from the date of accident, to bring legal action against Allstate.
 {¶ 20} Angel did not bring suit against Allstate until February 17, 2005, well after the two-year period for initiating legal action.
 {¶ 21} Accordingly, Angel's uninsured/underinsured motorist claim is time-barred. As the majority acknowledges, "a contractual two-year limitation period for filing UM/UIM claims is reasonable and enforceable." See Sarmiento v. Grange Mut. Cas. Co., *Page 7 106 Ohio St.3d 403, 2005-Ohio-5410, at paragraph one of the syllabus ("[a] two-year contractual limitation period for filing uninsured-and underinsured-motorist claims is reasonable and enforceable"); Miller v.Progressive Cas. Ins. Co., 69 Ohio St.3d 619, 624-625, 1994-Ohio-160 ("atwo-year period * * * would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy") (emphasis sic).
 {¶ 22} The majority, however, raises the issue "when did Ms. Angel's cause of action for uninsured motorist benefits accrue?" The obvious answer to this question is that Angel's cause of action accrued when she was injured by an uninsured motorist, i.e. June 14, 2001. As the Ohio Supreme Court has stated, in such cases "the cause of action for uninsured motorist coverage accrued on the same date the injuryoccurred." Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, 633 (emphasis added), discussing Colvin v. Globe Am. Cas. Co. (1982),69 Ohio St.2d 293, and Duriak v. Globe Am. Gas. Co. (1986), 28 Ohio St.3d 70.
 {¶ 23} The majority determines otherwise. The majority states that the Allstate insurance policy imposes, as a "condition precedent" to accrual, "a determination that the claim arose from the use of a vehicle without insurance coverage." However, no such language exists in the Allstate policy. The unequivocal language of the policy states that "[a]ny legal action against Allstate must be brought within two years of the date of the accident," not the date on which the tortfeasor is determined to be uninsured. *Page 8 
 {¶ 24} Despite the lack of foundation in the language of the policy, Angel urges this court to adopt the "discovery rule" and hold that she had two years from the date she discovered Reed was uninsured to file suit against Allstate. This argument has been consistently rejected by Ohio's courts.
 {¶ 25} In Marsh v. State Auto. Mut. Ins. Co. (1997),123 Ohio App.3d 356, as in this case, the plaintiff filed suit against her uninsured motorist carrier more than two years after the date of the accident and, thus, after the expiration of the limitations period for bringing suit contained in the insurance agreement. The plaintiff in Marsh argued that the two-year period only began to run after she learned the tortfeasor was uninsured. Id. at 359. The Second Appellate District rejected her argument, holding that two years from the date of the accident is a reasonable period of time for a policyholder to determine a tortfeasor's insurance status. Id. at 361.
 {¶ 26} "In the usual situation the insured has ample time to discover the insured status of the tortfeasor within the two year contractual period. Indeed the insured will usually learn on the date of the accident or shortly thereafter whether the tortfeasor was insured under an automobile liability policy. It is unlawful to operate a motor vehicle in this state unless proof of financial responsibility is maintained. See R.C. 4509.101. Proof of financial responsibility is ordinarily provided by use of financial responsibility identification cards which every insurer writing motor vehicle insurance in Ohio is required to provide to every policyholder. See, R.C. 4509.103. Discovering the insurance status of a tortfeasor is quite unlike discovering medical or legal malpractice. In the latter situation the Ohio Supreme Court has been willing to toll the short statute of *Page 9 
limitations period for bringing such actions while the malpractice remains undiscovered. Frysinger v. Leech (1987), 32 Ohio St.3d 38, 512
N.E.2d 337." Id. at 361.
 {¶ 27} In the present case, the majority alleges that it was "virtually impossible for * * * Angel to discover [Reed's] uninsured status within that two year period." On the contrary, all that was necessary to determine Reed's insurance status was to contact Nationwide. There is no reason why it should have taken Angel three years to realize Reed was uninsured. See Reeser v. Dayton,167 Ohio App.3d 41, 2006-Ohio-2333, at ¶ 13 ("Reeser certainly could have obtained the information about the City's insurance status within two years of the accident"); Davis v. Allstate Ins. Co., 10th Dist. No. 02AP-1322, 2003-Ohio-4186, at ¶ 18 ("Allstate's failure to share with appellants any information it had regarding the insurance status of [the tortfeasor] does not negate the fact that appellants had a duty to determine this status for themselves"); Miller v. Am. Family Ins. Co., 6th Dist. No. OT-02-011, 2002-Ohio-7309, at ¶ 34 ("[although the tortfeasor indicated to the trooper on the scene of the accident that he was insured, the validity of that insurance could have been readily determined").[2]
 {¶ 28} For the foregoing reasons, the decision of the court below should be affirmed.
[2] In Kraly, the Ohio Supreme Court sanctioned the application of the discovery rule in the unique situation that the tortfeasor had valid liability insurance on the date of accident, but subsequently became uninsured when the liability insurer became insolvent. "Where the liability insurer of a tortfeasor has been declared insolvent, a right of action of an insured injured by the tortfeasor against his insurer under the uninsured motorist provision of his automobile insurance contract accrues on the date that the insured receives notice of the insolvency." 69 Ohio St.3d 627, at paragraph three of the syllabus. As the Ohio Supreme Court later recognized, "Kraly unarguably involved a unique factual situation, and this court accordingly fashioned a remedy based upon concepts of fairness and public policy." Ross v. Farmers Ins.Group of Cos., 82 Ohio St.3d 281, 287, 1998-Ohio-381. *Page 1