KONOLD, Exr., Appellee,

v.

R.W. STURGE, LTD. et al., Appellants.

[Cite as *Konold v. R.W. Sturge, Ltd.* (1996), 108 Ohio App.3d 309.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950375.

Decided Jan. 17, 1996.

**310**

Cors & Bassett, Kenneth B. Bassett, Paul R. Moran and Karl F.C. Colon, for appellee.

Faruki Gilliam & Ireland, Charles J. Faruki and Andrew W. Owen, for appellants.

HILDEBRANDT, Judge.

Appellants, R.W. Sturge, Ltd., The Corporation of Lloyd's, The Society of Lloyd's, The Council of Lloyd's, and Lloyd's of London, appeal from the judgment of the Probate Division of the Hamilton County Court of Common Pleas overruling their motion to dismiss the declaratory judgment action of appellee, Carolyn L. Konold, executor of the estate of William G. Konold. Appellants' motion was premised upon lack of subject-matter jurisdiction and improper venue. Their two assignments of error challenge the trial court's conclusions that it has subject-matter jurisdiction to adjudicate the controversy concerning appellee's rejection of appellants' claims and that Hamilton County is the proper venue for the dispute. This appeal is dismissed for want of jurisdiction because we determine that it is not taken from a final appealable order.[1]

R.C. 2505.02 defines a final order, in part, as "[a]n order that affects a substantial right made in a special proceeding." Such an order may be "reviewed, affirmed, modified, or reversed, with or without retrial." *Id.* Therefore,

---

1. This court previously overruled a motion by appellee to dismiss this appeal for the reason that it is not from a final order. Appellee renewed that motion upon the submission of this appeal on its merits.

in determining whether the order in this case is final and thus appealable, we must engage in the following two-step analysis: (1) Was the trial court's order entered in a special proceeding, and if so, (2) did it affect a substantial right? See *In re Myers* (Nov. 22, 1995), Hamilton App. No. C–941023, unreported, 1995 WL 688787.

■ The Ohio Supreme Court has determined that a "special proceeding" pursuant to R.C. 2505.02 is an action which was not recognized at common law or in equity and which was "specially created by statute." *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, syllabus. The first question in our analysis, whether the trial court's order was entered in a special proceeding, has been answered by the Ohio Supreme Court in *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266, paragraph two of the syllabus, wherein it determined that a declaratory judgment action is a "special proceeding" pursuant to R.C. 2505.02.

■ Having concluded that because the underlying action is a declaratory judgment action, the trial court's order was entered in a special proceeding pursuant to R.C. 2505.02, we must now determine if the lower court's denial of appellants' motion to dismiss affected a substantial right. A "substantial right" has been defined as a "legal right entitled to enforcement and protection by law." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, 67. In other words, "[a] court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right." *Id.; Lewis v. Steinreich* (Apr. 17, 1991), Summit App. No. 14892, unreported, 1991 WL 60690. An order affects a substantial right if in the absence of immediate review of the order effective relief will be foreclosed. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 184; *Niemann v. Cooley* (1994), 93 Ohio App.3d 81, 637 N.E.2d 943.

■ The trial court's overruling of appellants' motion to dismiss, predicated upon its limited determination that it has subject-matter jurisdiction over appellee's declaratory judgment action and that the action may properly be heard in Hamilton County, does not deprive appellants of any remedy they would otherwise possess. Thus, in the matter before us, we conclude that the trial court's order does not affect a substantial right; therefore, we lack jurisdiction to review appellants' claim. While at first blush it would appear that a ruling requiring a party to litigate, on the merits, a matter over which it may be determined ultimately that a trial court does not have subject-matter jurisdiction does violence to the principle of judicial economy, the foregoing authority convinces us that the appellee's motion to dismiss is well taken.

Accordingly, we dismiss the appellants' appeal because the order from which they appeal lacks finality.

*Appeal dismissed.*

GORMAN, P.J., concurs.

M.B. BETTMAN, J., concurs separately.

MARIANNA BROWN BETTMAN, Judge, concurring separately.

The denial of a Civ.R. 12(B)(1) and 12(B)(3) motion to dismiss is not automatically a final appealable order. The executor seeks a declaration that the appellants' claims against the estate of Konold are time-barred. The court has made no ruling on the merits of this action. The court has not yet made any determination on the effect of the "General Undertaking" and "Members' Agents' Agreements" executed by the decedent. In its opinion and entry denying defendants' motion to dismiss, the court wrote that "such clauses could, however, be a threshold consideration for a court ruling on a subsequent action on the rejected claim."

It is unarguable that the probate court has jurisdiction over decedents' estates in general, the estate of William Konold in particular, and this declaratory judgment action. R.C. 2101.24. I believe that is all that the probate judge has decided in this case thus far, and for that reason I agree that no substantial right has been affected yet; thus, this appeal is not from a final appealable order.