DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Common Pleas Court judgment adjudicating the claim and counterclaim of the Oak Hill Firefighters Association (Association), plaintiff below and appellee herein, and the Village of Oak Hill, Ohio (Oak Hill), defendant below and appellant herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THE TRIAL COURT ERRED IN FAILING TO FIND A CHARITABLE TRUST EXISTED."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "THE TRIAL COURT ERRED IN FAILING TO INCLUDE THE SECRETARY OF STATE AS A NECESSARY PARTY TO THIS ACTION."
THIRD ASSIGNMENT OF ERROR:
 {¶ 4} "THE DECISION AND JUDGMENT OF THEN [sic] TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} A brief summary of the facts pertinent to this appeal is as follows. The Association is a not for profit corporation formed for the purpose of providing financial support to the Oak Hill Volunteer Fire Department. To that end, the Association held various fund raisers, including bake sales and bingo games, with the proceeds to support the Fire Department. Oak Hill bought a fire truck for the department with the understanding that the Association would help to make payments on the vehicle.
 {¶ 6} On October 8, 1997, Oak Hill passed an ordinance that abolished the volunteer fire department and entered into an agreement with the Madison-Jefferson Joint Fire District for fire protection services. Also, the fire truck purchased by Oak Hill was placed into service with the Madison-Jefferson Fire Department. All this apparently caused a rift between Oak Hill and those involved with the fire department and the Association.
 {¶ 7} The Association filed the action below on September 10, 1999 and alleged that Oak Hill had possession of its personal property. The Association demanded either replevy of that property or compensatory damages in the amount of $17,387.23. Oak Hill entered an appearance on November 10, 1999, and filed a motion "to bring in" the State of Ohio as a "third party defendant." Although the motion did not specify why the State should be joined, Oak Hill tendered a proposed third party complaint and alleged that proceeds obtained from bingo games had created a "charitable trust" under Ohio law and that "the Attorney General of Ohio is a necessary party" to the action. The trial court denied Oak Hill's request. On February 11, 2000, Oak Hill filed an answer and denied liability as well as a counterclaim that alleged that all monies raised by the Association were held as part of a "charitable trust" and rightfully belonged to Oak Hill as did any equipment (i.e. the fire truck) purchased for the benefit of the Volunteer Fire Department. Oak Hill demanded, inter alia, (1) an accounting and disbursement to it of all monies held by the Association, and (2) a determination that all property purchased by Oak Hill for the fire department's benefit belonged to the village free and clear of all claims by the Association. No reply was filed to that counterclaim.
 {¶ 8} The matter came on for a hearing on September 26, 2001 at which time the parties agreed to submit the case for decision on the following stipulations of fact:
 {¶ 9} "MR. COLE: The first stipulation I believe, your Honor, is the Oak Hill . . . that the Plaintiff is a not for profit corporation, organized under Chapter 1702 of the Ohio Revised Code. It has not been dissolved and it's stated purpose per the Secretary of State's records was financial support of the Oak Hill Volunteer Fire Department. Plaintiff held a license to conduct Bingo games from the State of Ohio for the calendar years 1996 and 1997. The personal property claimed by the Plaintiff as attached to the Complaint was not purchased by the Village nor was the Village monies used in the purchase. In October, on October 8, 1997, Oak Hill Village Council passed Ordinance 97-07 abolishing the Oak Hill Volunteer Fire Department. In November of 1997 Plaintiff held a meeting at which it voted to amend its purpose to provide support for charitable or educational organizations but that amendment has not been filed with the Secretary of State's Office. The balance of funds held by Plaintiff today is One thousand eight hundred forty-nine dollars and sixty-six cents. The items claimed under this replevin action by the Plaintiff is that as is attached to their Complaint. The Village of Oak Hill purchased a fire truck and is making payments on that fire truck, however, Plaintiff-Association did contribute funds towards that purchase. Some of the items claimed by Plaintiff in this replevin action are owned by Coalton Fire Department and lent to the Plaintiff and some of it is currently used on fire trucks. And then the amount of monies held by Plaintiff in 19 . . . in October of 1997 was Nineteen thousand seven hundred and fifty dollars, approximately. I believe that concludes the stipulations that the parties have entered into.
 {¶ 10} "THE COURT: Very well. Counsel for Oak Hill.
 {¶ 11} "MR. DETTY: Uh, yeah, those are basically the stipulations, although I think that we were also saying that, uh, on number two concerning the licensing for Bingo and conducting the Bingo games, that in their license (inaudible), we're just going to say that their purpose was set up for the operation of a Bingo game and the financial support of the Oak Hill volunteer Fire Department."
 {¶ 12} On October 7, 2001, the trial court issued a decision and judgment that ordered the remaining monies held by the Association be provided to Oak Hill and that the personal property held by Oak Hill be returned to the Association. The court also expressly found that there was "no just reason for delay." This appeal followed.
 {¶ 13} Before we review the assignments of error on their merits, we must first address a threshold jurisdictional problem. Ohio appellate courts have appellate jurisdiction over final orders. See Section3(B)(2), Article IV, Ohio Constitution. A "final order" is one which, among other things, determines the action. See R.C. 2505.02(B)(1).[1]
An order determines the action when it disposes of all issues in the case leaving nothing for further adjudication. Legg v. Fuchs (Nov. 11, 2000), Cuyahoga App. No. 76406; Twinsburg v. Bucky Arnes, Inc. (Sep. 17, 1980), Summit App. No. 9677.
 {¶ 14} In the case sub judice, we find that the trial court has not fully adjudicated all parts of Oak Hill's counterclaim. That claim demanded two primary forms of relief: (1) an accounting of all monies held by the Association along with an order to remit those monies to Oak Hill; and (2), a determination that the property (i.e. the fire truck) purchased by Oak Hill belonged to the village. We interpret the second of these two forms of relief as a request for declaratory judgment. Although the trial court granted Oak Hill its first request for relief, the court did not rule on the second request and determine whether the fire truck was the village's property free and clear of all claims of the Association. Thus, the judgment did not determine the action and does not constitute a final appealable order.
 {¶ 15} We acknowledge that the judgment entry included an express finding of "no just cause for delay." However, this does not cure the infirmity.[2] Civ.R. 54(B), by its terms, applies only when there is resolution of an entire claim in a multi-claim action. The rule does not apply, however, when one portion of a claim has been decided, but another portion is left unresolved.[3] In the case sub judice, Oak Hill's request for declaratory judgment was not a separate claim. Rather, it was merely one of several remedies sought in its counterclaim. The trial court's October 7, 2001 entry was not final for purposes of R.C. 2505.02
because it did not rule on Oak Hill's request for that remedy. Further, a finding of "no just reason for delay" pursuant to Civ.R. 54(B) does not make appealable an otherwise non-appealable order. McCabe/Marra Co. v.Dover (1995), 100 Ohio App.3d 139, 160, 652 N.E.2d 236; Palmer v.Westmeyer (1988), 48 Ohio App.3d 296, 302, 549 N.E.2d 1202; Douthitt v.Garrison (1981), 3 Ohio App.3d 254, 255, 444 N.E.2d 1068.
 {¶ 16} For these reasons, we find that the judgment being appealed herein is not final and this Court does not have jurisdiction to review the matter. The appeal is hereby dismissed.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[1] We focus our attention on this portion of R.C. 2505.02 rather than sub-section (B)(2) regarding "special proceedings." Although declaratory judgments are in fact special proceedings, see Marsh v. State Auto. Mut.Ins. Co. (1997), 123 Ohio App.3d 356, 358, 704 N.E.2d 280; Konold v.R.W. Sturge, Ltd. (1996), 108 Ohio App.3d 309, 311, 670 N.E.2d 574, we nevertheless look to the entirety of the underlying action to determine whether that part of R.C. 2505.02 applies or whether (B)(1) applies. See generally Regional Imaging Consultants Corp v. Computer BillingServices, Inc. (Nov. 30, 2001), Mahoning App. No. 00CA79l; Mogavero v.Lombardo (Sep. 25, 2001), Franklin App. No. 01AP-98; Thompson v. Sydnor
(May 11, 1999), Scioto App. No. 98CA2578. Appellee's claim was in replevin which, though now governed by statute, enjoyed a long history at common law and was brought to this country from England. See UniversalEquipment Rental Co. v. Cleveland Steveodore Co. (Nov. 7, 1974), Cuyahoga App. No. 32765. Moreover, appellant's other claim against the Firefighter's Assn. was for an "accounting" which is an action originating in equity. See 1 Ohio Jurisprudence3d (1998) 209, Accounts and Accounting, § 83. All things considered, we believe the underlying actions in this case do not constitute special proceedings.
[2] When an action contains multiple claims for relief, Civ.R. 54(B) also factors into the determination of whether the order is final and appealable. See In re Berman (1990), 69 Ohio App.3d 324, 328,590 N.E.2d 809; Gallucci v. Freshour (Jun. 22, 2000), Hocking App. No. 99CA22; McGuire v. Mills (May 21, 1997), Ross App. No. 96CA2191. The provisions of that rule state, inter alia, that a trial court may enter final judgment as to one or more, but fewer than all, claims in a multi-claim action only upon an express determination that there is "no just reason for delay." Civ.R. 54(B).
[3] For example, judgments which determine liability but defer the issue of damages for later adjudication are not final orders because damages are part of the claim for relief rather than a separate claim in and of themselves. See Hitchings v. Weese, 77 Ohio St.3d 390, 391,1997-Ohio-290, 674 N.E.2d 688, (Resnick, J. Concurring); also see McKeev. Inabnitt, Adams App. No. 01CA711, 2001-Ohio-2595; Miller v. Biggers, Scioto App. No. 00CA2751, 2001-Ohio-2544. Thus, Civ.R. 54(B) does not apply and the "no just reason for delay" language would not make such judgments final and appealable. See State ex rel. A D Ltd. Partnershipv. Keefe (1996), 77 Ohio St.3d 50, 53, 671 N.E.2d 13.