DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Municipal Court judgment that ordered Ellen Evans, defendant below and appellant herein, to post bond before she could have a jury trial on the claims brought against her by Rick McCarty, plaintiff below and appellee herein. The following error is assigned for our review:
"The trial court erred by ordering the appellant to post a bond of $2,045.00 in order to have a jury trial, thereby prohibiting the appellant from exercising her fundamental rights to have a jury trial."[1]
 {¶ 2} A brief summary of the proceedings that led to this appeal is as follows. In September 2000, appellant entered into a lease agreement for condominiums located at 5 6 Colonial Drive in Jackson for $1,350 per month. Due to disturbances that occurred during the tenancy, appellee wanted the occupants to vacate the properties at the expiration of the lease. Appellee served a notice to vacate the premises and, on November 14, 2001, commenced a forcible entry and detainer action and asked for restitution of the properties as well as damages.
 {¶ 3} On November 29, 2001, appellant did not appear at the hearing. The trial court awarded appellee restitution of the two condominiums. Another hearing was held to consider the damage issue. Appellant did appear at the hearing, but did so without legal representation. On January 3, 2002, the trial court awarded appellee $14,575 in damages. After that, appellant retained counsel.
 {¶ 4} On February 6, 2002, appellant filed a Civ.R. 60(B) motion to seek relief from the judgment that awarded damages to appellee. She argued that she vacated the premises before the service of the complaint and that she did not receive notice of the action.[2] The trial court granted the motion on April 18, 2002 and set the matter for trial on the merits.
 {¶ 5} After additional procedural wrangling by both parties, appellee filed an amended complaint and asked for $2,045 in unpaid rent together with expenses for cleaning and repairing the demised properties. Appellee did not ask for a jury trial. Appellant denied liability and asserted a variety of defenses. She also did not, at that time, request a jury trial.
 {¶ 6} On October 4, 2002, appellant filed an amended answer which contained a jury trial demand. The trial court issued an entry on October 8, 2002 that ordered appellant to post bond in the amount of $2,045 (the amount of back rent sought by appellee) within five business days, or the matter would proceed to a bench trial on October 28th. If appellant posted the bond, however, the matter would be continued for a jury trial. Appellant asked the trial court to reconsider its decision but the court denied the request. This appeal followed.
 {¶ 7} Before we consider the merits of the assignment of error, we first pause to address a threshold jurisdictional issue. The Ohio Constitution specifies that the courts of appeals of this state have jurisdiction as provided by law to review "final orders" of inferior courts within their district. Section 3(B)(2), Article IV, Ohio Constitution. If a judgment is not a final order, then an appellate court has no jurisdiction to review that judgment and the case must be dismissed. See Davison v. Reni (1996), 115 Ohio App.3d 688, 692,686 N.E.2d 278; Prod. Credit Assn. v. Hedges (1993), 87 Ohio Ap.3d 207, 210, 621 N.E.2d 1360, at fn. 2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 8} A "final order" is defined, inter alia, as an order which affects a "substantial right" and that is made in a "special proceeding. R.C. 2505.02(B)(2). There is no question that a forcible entry and detainer action is a "special proceeding."[3] See generally ColomboEnterprises, Inc. v. Fegan (Apr. 12, 2001), Cuyahoga App. No. 78041;Bryant v. Dale (Sep. 10, 1999), Lawrence App. No. 98CA36, unreported; also see Cuyahoga Metropolitan Housing Authority v. Jackson (1981),67 Ohio St.2d 129, 423 N.E.2d 177. The question is whether the trial court's order to require that bond be posted "affected" a "substantial right."
 {¶ 9} We readily conclude that a "substantial right" is involved in this case. The Ohio General Assembly codified the definition of a "substantial right" in 1998 to mean a right that the United States or Ohio Constitutions, a statute, common law or rule of procedure entitles a person to protect. R.C. 2505.02(A)(1); also see Sub.H.B. No. 394, 147 Ohio Laws, Part II, 3277. The trial court's October 8, 2002 judgment denied appellant a jury trial unless she posts bond. The right to a jury trial is, without doubt, a fundamental right provided for in both the United States and Ohio Constitutions. See Soler v. Evans, St. Clair Kelsey (2002), 94 Ohio St.3d 432, 437, 763 N.E.2d 1169; Sorrell v.Thevenir (1994), 69 Ohio St.3d 415, 421, 633 N.E.2d 504.
 {¶ 10} However, there must be more than simply the involvement of a "fundamental right" for a judgment to be final and appealable. Rather, the judgment must actually affect that right. An order affects a substantial right if it is one which, if not appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, 616 N.E.2d 181. To show that an order affects a substantial right, it must be clear that in the absence of immediate review, the appellant will be denied effective future relief. See Konoldv. R.W. Sturge, Ltd. (1996), 108 Ohio App.3d 309, 311, 670 N.E.2d 574;Rhynehardt v. Sears Logistics Services (1995), 103 Ohio App.3d 327, 330,659 N.E.2d 375; Kelm v. Kelm (1994), 93 Ohio App.3d 686, 691,639 N.E.2d 842. It is not sufficient that an order appealed merely restricts or limits a right. Rather, there must be virtually no opportunity in the future to provide relief from the allegedly prejudicial order. State v. Chalender (1994), 99 Ohio App.3d 4, 6-7, 649 N.E.2d 1254.
 {¶ 11} In the case at bar, appellant has not persuaded us that even if the trial court erred by entering its October 8, 2002 judgment, she cannot be given appropriate relief at the conclusion of the case. Indeed, in a bench trial, appellant may be victorious in this whole matter thereby rendering the issue moot. If appellant does not prevail, and assuming arguendo that the trial court did in fact err in its decision, the final judgment can be reversed and on remand a jury trial on the issue of damages could be conducted.
 {¶ 12} We acknowledge that appellant's reply brief makes reference to cases in which other partial judgments in forcible entry and detainer actions have been found to constitute final and appealable orders because they affected a substantial right. However, a closer review of those cases reveals that they all involved orders which granted restitution of the premises to the landlord and left, for later adjudication, various other claims and/or counterclaims. See e.g. Skillman v. Browne (1990),68 Ohio App.3d 615, 619, 589 N.E.2d 407; Nenadal v. Landerwood Co. (May 12, 1994), Cuyahoga App. No. 65428. These cases are distinguishable from the case sub judice. After an order of restitution, effective relief can only be given to wrongly evicted tenants in an immediate appeal. If tenants are forced to wait until the conclusion of the entire case to appeal, they will have already been evicted and it would be virtually impossible to restore to them possession of the premises. By contrast, in this case there is no indication of any irreparable injury to appellant. This case involved a purely procedural order. Appellant could still be victorious in a trial on the merits and, even if she is not, the question of whether she is entitled to a jury trial can still be raised during the appeal of any judgment entered against her.
 {¶ 13} For these reasons, we find that the October 8, 2002 order does not constitute a final and appealable order under R.C. 2505.02(B)(1). Thus, we do not have jurisdiction to review the matter and the appeal is hereby dismissed.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] Appellant's brief does not contain a separate statement of the assignments of error as required by App.R. 16(A)(3).
[2] Appellant explained in an affidavit that she happened to learn of these proceedings as a result of her involvement in an unrelated legal matter.
[3] A "special proceeding" is statutorily defined as an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity. R.C.2505.02(A)(2).