[Cite as *Harrell v. Mgt. & Training Corp.*, 2019-Ohio-2816.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TERRY A. HARRELL, | : | APPEAL NO. C-180417<br>TRIAL NO. A-1606862 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MANAGEMENT AND TRAINING CORP., MTC JOB CORPS, | : | |
| | : | |
| and | | |
| | : | |
| SARAH D. MORRISON, ADMINISTRATOR, OHIO BUREAU OF WORKERS' COMPENSATION, | : | |
| Defendants-Appellants. | : | |

Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  July 10, 2019

*Lisa M. Clark*, for Plaintiff-Appellee,

*Dave Yost*, Ohio Attorney General, and *Barbara L. Barber*, Principal Assistant Attorney General, for Defendants-Appellants.

**BERGERON, Judge.**

{¶1}   Most discovery orders fail to satisfy the standard for a final appealable order that would punch the aggrieved party's ticket for an immediate appeal.  And this makes sense—if every twist and turn during the course of discovery could trigger immediate appellate review, litigation would never come to an end.  The case before us concerns an award of costs issued in connection with a motion to compel discovery, and defendant the Administrator of the Ohio Bureau of Workers' Compensation ("the Administrator") insists that she has found the path that leads to interlocutory review.  We, however, are unpersuaded, and we dismiss this appeal for lack of appellate jurisdiction.

{¶2}   The instant case involves a workers' compensation appeal filed (pursuant to R.C. 4123.512) in the court of common pleas after the Industrial Commission of Ohio denied plaintiff Terry Harrell's application to include an additional condition of cervical disc bulge to her already-existing workers' compensation claim.  This appeal does not concern the merits of Ms. Harrell's denied application (which remains pending before the trial court), but instead implicates the trial court's order granting Ms. Harrell's motion to assess costs against the Administrator.  Earlier in the litigation, the trial court granted in part and denied in part a motion to compel discovery of Ms. Harrell's medical history.  About a year later, consistent with Civ.R. 37, Ms. Harrell sought the reasonable expenses stemming from this partially granted motion to compel, asking the court to assess costs to the Administrator.  In support of the motion, Ms. Harrell alleged that the Administrator's litigation conduct (including various unnecessary filings) drove the discovery expenses up.

{¶3}   In response to Ms. Harrell's motion, and pursuant to Civ.R. 37(A)(5)(c), the trial court assessed costs to the Administrator in the amount of

2

$504. On appeal, the Administrator exclusively challenges the trial court's entry granting Ms. Harrell's motion to assess costs. But before we delve into the merits of that argument, we must start with our jurisdiction.

{¶4} Appellate courts do not typically have jurisdiction over interlocutory orders, but only "final orders," and R.C. 2505.02(B) serves as our guide in this inquiry. With limited exceptions (such as privilege-related issues), orders addressing ordinary discovery disputes tend to be merely interlocutory and not immediately appealable. *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 123, 676 N.E.2d 890 (1997) (holding the denial of an asserted statutory privilege of confidentiality was not entered in a special proceeding, and thus was "an interlocutory discovery order and is neither final nor appealable."); *Summitbridge Natl. Invests., L.L.C. v. Ameritek Custom Homes, Inc.*, 1st Dist. Hamilton No. C-120476, 2013-Ohio-760, ¶ 6 ("Generally, discovery orders are neither final nor appealable. But a proceeding concerning the discovery of privileged material is one type of provisional remedy contemplated by R.C. 2505.02(A)(3)."). To determine whether an order is sufficiently final to warrant immediate review, R.C. 2505.02(B) requires that the order fit into one of the categories outlined in (B)(1) through (7). Duly cognizant of the jurisdictional obstacles, the Administrator seeks to fashion a final order here by pointing to R.C. 2505.02(B)(1), (2) and (4). We address these in turn.

{¶5} To fall within the first option, R.C. 2505.02(B)(1), the order must "affect[] a substantial right in an action that in effect determines the action and prevents a judgment[.]" The statute then defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). In an overbroad attempt to fit the trial court's entry within this first option, the

3

Administrator argues that R.C. 4123.512 (which grants a right to appeal for claimants and employers to the common pleas court) provides her with a right and duty to protect the workers' compensation fund, and the trial court's entry affected this substantial right by requiring the Administrator to pay Ms. Harrell's court costs.

{¶6} Yet, if we were to accept this argument it would surely swallow the rule, resulting in nearly every order granted or denied by a trial court during the journey of a R.C. 4123.512 appeal to automatically constitute a final appealable order. We have never endorsed such a notion. In *Brown v. Mabe*, 170 Ohio App.3d 13, 2007-Ohio-90, 865 N.E.2d 934, ¶ 6 (1st Dist.), subsequent to an administrative finding and an appeal to the common pleas court, we held that the trial court's decision to grant the employer's motion in limine in a workers' compensation case was not, standing alone, a final appealable order. The Fifth District similarly held that, despite four workers' compensation claimants exercising their right to appeal to the common pleas court under R.C. 4123.512, the trial court's entry denying the employer's motion to dismiss did not constitute a final appealable order because it "[did] not prevent a judgment or otherwise determine the action." *Patterson v. The Ford Motor Co.*, 5th Dist. Stark No. 2002CA00345, 2003-Ohio-645, ¶ 13. In other words, workers' compensation proceedings do not benefit from special rules of finality under R.C. 2505.02(B)(1).

{¶7} Likewise, the court's decision to grant costs in the amount of roughly $500 does not prevent a judgment in favor of the Administrator or otherwise determine the underlying action filed pursuant to R.C. 4123.512. While the Administrator believes that R.C. 4123.512(F) precludes the award of costs here, that reflects a misunderstanding of that statute, which simply directs an award of costs against the commission "in the event the claimant's right to participate or to continue to participate in the fund is established * * * ." It does not purport to

4

invalidate the applicable provisions of the Civil Rules. The trial court did not award costs under R.C. 4123.512(F) but rather under Civ.R. 37. When the trial court proceeding draws to a close, if the Administrator remains aggrieved by this discovery order and final judgment has been entered, then she can appeal. *See Stratman v. Sutantio*, 10th Dist. Franklin No. 05AP-1260, 2006-Ohio-4712, ¶ 32 (reversing the trial court's order granting costs associated with a motion to compel because "the trial court was without authority to award appellee the costs of preparing the motion to compel."); *Early v. The Toledo Blade*, 130 Ohio App.3d 302, 313, 720 N.E.2d 107 (6th Dist.1998), citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996), paragraph one of the syllabus ("The Supreme Court of Ohio has ruled that an appellate court can reverse a discovery sanction only if the trial court abused its discretion when it imposed the sanction."). Therefore, the relevant order does not satisfy the requirements for R.C. 2505.02(B)(1).

{¶8} Turning to R.C. 2505.02(B)(2), to satisfy this category of final appealable orders, the order must "affect[] a substantial right made in a special proceeding * * * [.]" This requires us to undertake a two-step analysis: "(1) [w]as the trial court's order entered in a special proceeding, and if so, (2) did it affect a substantial right." *Konold v. R.W. Sturge, Ltd.*, 108 Ohio App.3d 309, 311, 670 N.E.2d 574 (1st Dist.1996). The first step in this inquiry is met because workers' compensation appeals qualify as a "special proceeding." *See Anderson v. Sonoco Prod. Co.*, 112 Ohio App.3d 305, 308, 678 N.E.2d 631 (2d Dist.1996) (finding that because workers' compensation appeals were not known to the common law or in equity, a workers' compensation appeal is a "special proceeding"). But the Administrator's claim falters on the second step, largely for the reasons set forth above. To reiterate, a "substantial right" is a right that the federal or Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to

5

enforce or protect. R.C. 2505.02(A)(1). And an "order affects a substantial right if, in the absence of an immediate appeal, it forecloses appropriate relief in the future." *William Powell Co. v. OneBeacon Ins. Co.*, 1st Dist. Hamilton No. C-130681, 2014-Ohio-3528, ¶ 9, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 616 N.E.2d 181 (1993); *Konold* at 311.

{¶9} Yet again, we must reject the Administrator's expansive argument that R.C. 4123.512 provides her with a "substantial right" to protect the workers' compensation fund. Moreover, the Administrator's opportunity to seek appropriate relief is far from foreclosed, since the Administrator may always appeal the issue of costs after the final judgment is entered concerning Ms. Harrell's underlying claim.

{¶10} And similarly, the court's entry does not fall within R.C. 2505.02(B)(4) because the entry did not deny a provisional remedy (Civ.R. 37(A)(5)(c) payment of expenses) that in effect determined the action and prevented a judgment in favor of the Administrator with respect to the provisional remedy. R.C. 2505.02(B)(4)(a). If we start denominating discovery orders as "provisional remedies," then virtually every discovery order would be appealable, which would frustrate the legislative intent behind the statute.

{¶11} While not wholly similar, in *Stratman*, the Tenth District found that the portion of the trial court's order awarding costs was not a final order under R.C. 2505.02(B)(4), because there was "no danger that a meaningful or effective remedy would not be available upon an appeal after final judgment has been rendered in the case." *Stratman*, 10th Dist. Franklin No. 05AP-1260, 2006-Ohio-4712, at ¶ 26 (holding "[i]f the appeal before this court concerned only the award for costs, [the court] would be remiss to exercise our jurisdiction."). Likewise, the trial court's entry granting costs to Ms. Harrell in the amount of $504 pursuant to Civ.R.

37(A)(5)(c) is not a provisional remedy, nor does it deprive the Administrator of a meaningful remedy upon an appeal after the rendering of final judgment.

{¶12}  To imbue this case with greater importance, the Administrator seeks to equate the discovery order to the imposition of sanctions, but this is a bridge too far. We see no evidence in the record that the Administrator or counsel was sanctioned— instead, this order imposes costs in the aftermath of a routine ruling on a motion to compel consistent with Civ.R. 37.

{¶13}  Finally, the Administrator advances a pragmatic argument that this issue arose because Ms. Harrell sought to voluntarily dismiss the action, and that if we dismiss this appeal, she will surely complete the task, which means the parties would bounce right back here with a second appeal.  While we are certainly mindful of judicial economy, we cannot tinker with our jurisdictional limits simply because the judicial economy winds blow in a particular direction.  We must adhere to the constitutional and statutory constraints on our jurisdiction.  Accordingly, we dismiss the appeal.

Appeal dismissed.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

7