[Cite as *Viers v. Kubach*, 2021-Ohio-1135.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JANET A. VIERS, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2021-L-015** |
| EVELYN EVANS KUBACH, INDIVIDUALLY, AND AS TRUSTEE UNDER THE J. LEONARD EVANS TRUST AGREEMENT DATED 06/16/1958, et al., | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Probate Division, Case No. 2017 CV 1038.

Judgment: Appeal dismissed.

*John P. Thomas*, Schraff Thomas Law, LLC, 2802 S.O.M. Center Road, Suite 200, Willoughby Hills, OH 44094 (For Plaintiff-Appellee).

*Michael C. Cohan, Roy A. Krall,* and *Spencer E. Krebs*, Cavitch, Familo & Durkin, 1300 East Ninth Street, 20th Floor, Cleveland, OH 44114 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Evelyn Evans Kubach, individually, and as trustee under the J. Leonard Evans Trust Agreement dated 06/16/1958, appeals from a December 31, 2020 entry of the Lake County Court of Common Pleas, Probate Division. Because the probate court's judgment entry is not a final appealable order for the reasons that follow, we hereby dismiss this appeal.

{¶2} Appellee, Janet A. Viers, filed a complaint alleging several claims for relief, including a claim for attorney's fees and costs, against Kubach and several other defendants. After a bench trial, in an entry dated December 31, 2020, the trial court issued judgment in favor of Viers on four counts and judgment in favor of Kubach on four counts, and deferred the issue of Viers's attorney's fees and expenses to a later date. The entry did not include "there is no just reason for delay" language pursuant to Civ.R. 54(B). This appeal ensued.

{¶3} Initially, we must determine if there is a final order since this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If it is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties

2

only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶6} The Supreme Court of Ohio has held that "when attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 17; *see also Urso v. Compact Cars, Inc.*, 11th Dist. Trumbull No. 2005-T-0037, 2005-Ohio-6292, ¶ 8; *Montello v. Ackerman*, 11th Dist. Lake No. 2009-L-111, 2019-Ohio-6383, ¶ 7.

{¶7} Here, the claim for attorney fees is still pending in the trial court and the December 31, 2020 entry on appeal contains no Civ.R. 54(B) language. Thus, without the inclusion of Civ.R. 54(B) language, there is no final appealable order, and this court is without jurisdiction to hear this appeal.

{¶8} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

3