[Cite as *Lambert v. Global Internatl. Servs.*, 2023-Ohio-350.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| THOMAS LAMBERT, | **CASE NO. 2022-P-0050** |
| Plaintiff-Appellant/<br>Cross-Appellee, | |
| | Civil Appeal from the<br>Court of Common Pleas |
| - vs - | |
| GLOBAL INTERNATIONAL<br>SERVICES, et al., | Trial Court No. 2020 CV 00325 |
| Defendants, | |
| HAPNEL FINANCIAL<br>GROUP, INC., | |
| Defendant-Appellee/<br>Cross-Appellant. | |

## M E M O R A N D U M
## O P I N I O N

Decided: February 6, 2023
Judgment: Appeal and Cross-Appeal dismissed

*Michael L. Fine*, Frederick & Berler LLC, 767 East 185th Street, Cleveland, OH 44119
(For Plaintiff-Appellant/Cross-Appellee).

*Jeffrey W. Krueger*, J. W. Krueger, LLC, 11925 Pearl Road, Suite 201, Strongsville, OH
44136 (For Defendant-Appellee/Cross-Appellant).

JOHN J. EKLUND, P.J.

{¶1}    Appellant, Thomas Lambert, appeals from the August 17, 2022 order of the

Portage County Court of Common Pleas, which certified the Court's July 15, 2022 order

as final and found no just cause for delay.  Appellee, Hapnel Financial Group, Inc., filed

a cross-appeal from that same order. As discussed below, we dismiss the appeal and cross-appeal for lack of a final appealable order.

{¶2} The underlying matter pertains to a class action lawsuit filed by Mr. Lambert in 2020, against Global International Services, Global Management Acquisition Firm, Inc., Hapnel Financial Group, Inc., and four John Does related to the defendants' debt-collection practices. Mr. Lambert alleges violations of Ohio's Consumer Sales Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act.

{¶3} On July 15, 2022, the trial court entered an order and judgment entry granting Hapnel's motion to dismiss and finding that Mr. Lambert did not prove by a preponderance of the evidence that the court had personal jurisdiction over Hapnel. The court further denied Mr. Lambert's Civ.R. 11 motion for sanctions, ordered Hapnel to pay $8,335.72 in attorney's fees to Mr. Lambert's counsel, and also sanctioned a non-party, Nelson Adesegha. Mr. Lambert moved for certification of the court's order as final, which the court granted in its August 17, 2022 order. It is from that order that Mr. Lambert appeals, and Hapnel cross-appeals.

{¶4} Upon Hapnel's motion, this court remanded the matter to the lower court for it to rule on two pending motions to vacate, which were both filed by Hapnel on August 22, 2022. On remand, the court vacated its August 17, 2022 order, but it did not address one of Hapnel's motions.

{¶5} Given the disposition on remand, on October 27, 2022, this court issued a judgment entry ordering the parties to show cause as to why the appeal and cross-appeal should not be dismissed for lack of jurisdiction. Specifically, this court found that "[s]ince there is no longer a finding by the trial court that there is no just reason for delay, and

2

Case No. 2022-P-0050

neither the class action nor any claim has * * * been resolved, no final appealable order exists under R.C. 2505.02."

**{¶6}** In response, Hapnel asked that we remand the matter to the trial court for a ruling on its Motion to Vacate Void Judgment, as directed by this court in its October 6, 2022 judgment entry. Similarly, Mr. Lambert asked that we extend the remand to the trial court for it to issue a new ruling on his Civ.R. 54 Motion for Certification of the Trial Court's July 15, 2022 order and judgment entry.

**{¶7}** Appellate courts have jurisdiction over final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. "If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed." *Arnold v. Arnold,* 11th Dist. Geauga No. 2021-G-0026, 2021-Ohio-4186, ¶3, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B)." *Viers v. Kubach,* 11th Dist. Lake No. 2021-L-015, 2021-Ohio-1135, ¶3, citing *Children's Hosp. Med. Ctr. v. Tomaiko,* 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶3. Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

**{¶8}** The lower court decision on remand vacated the order the parties appealed. It is undisputed that the lower court has not disposed of all claims by and against all parties. With the August 17, 2022 order vacated, there is no express determination that

3

there is "no just reason for delay," pursuant to Civ.R. 54(B).  Accordingly, there is no final appealable order before this court.

{¶9}    Though both parties ask us to remand the matter to the lower court, this court lacks the jurisdiction to do so.  While we are mindful of judicial economy, this matter must be dismissed for lack of final appealable order.  See *Harrell v. Management and Training Corp.,* 1st Dist. Hamilton No. C-180417, 2019-Ohio-2816, ¶ 13 ("While we are certainly mindful of judicial economy, we cannot tinker with our jurisdictional limits simply because the judicial economy winds blow in a particular direction. We must adhere to the constitutional and statutory constraints on our jurisdiction.")

{¶10}   In light of the foregoing, the instant appeal and cross-appeal are sua sponte dismissed for lack of a final appealable order.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

4

Case No. 2022-P-0050