[Cite as *Jones v. Match Group, Inc.*, 2023-Ohio-3418.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| MARY ELIZABETH JONES, | **CASE NO. 2023-P-0064** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| JOHN RUSSELL, | |
| Defendant, | Trial Court No. 2022 CV 00584 |
| MATCH GROUP, INC., | |
| Defendant-Appellee. | |

# M E M O R A N D U M
# O P I N I O N

Decided: September 25, 2023
Judgment: Appeal dismissed

*Mary Elizabeth Jones*, pro se, P.O. Box 1092, Kent, OH 44240 (Plaintiff-Appellant).

*Christopher E. Cotter*, Roetzel & Andress, 222 South Main Street, Suite 400, Akron, OH 44308 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} On August 18, 2023, appellant, Mary Elizabeth Jones, filed a pro se appeal from two entries from the Portage County Court of Common Pleas.

{¶2} The underlying matter pertains to an action appellant filed against defendant, John Russell, and appellee, Match Group, Inc. Appellant alleges she met Mr. Russell on a dating website, owned by appellee, and that appellee failed to screen its users. Appellant asserts she felt pressured into a relationship with Mr. Russell, which

resulted in a child even though she was led to believe he was using protection during intercourse. Her complaint names three counts against each defendant: negligence, intentional infliction of emotional distress, and fraud/negligent misrepresentation.

{¶3} In an entry dated November 8, 2022, the trial court granted appellee's motion to dismiss the claims against it for lack of subject matter jurisdiction and denied appellant's motion for summary judgment and motion for default judgment against Mr. Russell. Appellant appealed, and this court dismissed the matter for lack of final appealable order on February 6, 2023.

{¶4} On May 24, 2023, the trial court issued a judgment in favor of appellant and against Mr. Russell and scheduled a damages hearing. Appellant filed a request for the trial court to reconsider its November 8, 2022 entry, which the trial court denied in a July 19, 2023 entry. Appellant then filed a motion to set aside the July 19, 2023 entry, a request for a new judge, and a continuance of the damages hearing. In a July 26, 2023 entry, the trial court denied the motion to set aside the entry and request for a new judge and granted the motion to continue the damages hearing. A damages hearing has yet to take place. It is from the July 19 and July 26 entries, that this appeal ensued.

{¶5} On September 6, 2023, appellee moved to dismiss the appeal for lack of a final appealable order because the entries on appeal did not dispose of all claims before the trial court and do not contain Civ.R. 54(B) language.

{¶6} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. "If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed." *Arnold v. Arnold,*

2

11th Dist. Geauga No. 2021-G-0026, 2021-Ohio-4186, ¶3. "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B)." *Viers v. Kubach,* 11th Dist. Lake No. 2021-L-015, 2021-Ohio-1135, ¶3.

{¶7} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals. Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶8} This court has stated that a judgment from "[a] civil proceeding that defers damages for a later determination of an uncertain amount is not a final appealable order because it does not determine the action, prevent a judgment, or affect a substantial right in a special proceeding." *Lacy v. State of Ohio*, 11th Dist. Ashtabula Nos. 2019-A-0030 and 2019-A-0046, 2019-Ohio-2973, ¶ 18.

{¶9} Here, there is no final order since the trial court has not issued a ruling on damages. Appellant will have a meaningful and effective remedy by way of an appeal once the trial court enters a final order.

{¶10} For the foregoing reasons, appellee's motion to dismiss is granted, and this appeal is dismissed for lack of a final appealable order.

{¶11} Appeal dismissed.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

3

Case No. 2023-P-0064