[Cite as *Tamarac Apts., L.L.C. v. Austin*, 2025-Ohio-2737.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| TAMARAC APARTMENTS, LLC, | CASE NO. 2025-L-061 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| DAMEL AUSTIN, | |
| Defendant-Appellant. | Trial Court No. 2024 CV 001156 |

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: August 4, 2025
Judgment: Appeal dismissed

---

*Fred N. Carmen*, Fred Carmen Law, LLC, 27800 Cedar Road, Beachwood, OH 44122 (For Plaintiff-Appellee).

*Rosel C. Hurley, III*, Hurley Law, LPA, 12800 Shaker Boulevard, Suite 230, Cleveland, OH 44120 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} On May 17, 2025, appellant, Damel Austin, filed an appeal from two entries issued by the Lake County Court of Common Pleas.

{¶2} The underlying matter pertains to a defamation action appellee, Tamarac Apartments, LLC, filed against appellant alleging it was defamed when appellant made false statements about the condition and safety of its property that were published in a local newspaper. Appellant filed an answer and then moved for summary judgment. Appellee filed a motion to hold appellant in contempt and for default judgment for failing to comply with the trial court's order requiring appellant to respond to discovery.

{¶3} In an April 21, 2025 entry, the trial court denied appellant's motion for summary judgment and held appellee's motion for contempt and default judgment in abeyance until after the conclusion of a settlement conference. In the April 28, 2025 entry, the trial court noted that neither appellant nor his counsel appeared for the scheduled settlement conference. Thus, the trial court granted appellee's motion for default judgment and stated that it would conduct an oral hearing to consider the award of damages plus reasonable attorney's fees and expenses. The court further indicated it would conduct a show cause hearing and determine whether to hold appellant and his attorney in contempt of court for failing to appear at the conference. A damages hearing and a determination as to the amount of attorney's fees has yet to take place. It is from the April 21 and April 28 entries that this appeal ensued.

{¶4} According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a trial court judgment only if it constitutes a "final order" in the action. *Jones v. Russell*, 2023-Ohio-3418, ¶ 6 (11th Dist.). If a trial court entry is not final, then a reviewing court does not have jurisdiction to review the matter, and the matter must be dismissed. *Id.* For a judgment to be final and appealable, it must generally satisfy R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Id*.

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals. Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action . . . , the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

Case No. 2025-L-061

{¶6} This court has stated that an entry in a civil matter that defers damages for a later determination of an uncertain amount is not a final appealable order because it does not determine the action, prevent a judgment, or affect a substantial right in a special proceeding. *Jones, supra*, at ¶ 8.

{¶7} Furthermore, this court has stated that an entry that orders attorney fees but defers the amount of the fees to a later date is not a final appealable order. *RAJ Holdings, Inc. v. Helman*, 2024-Ohio-5552, ¶ 6 (11th Dist.).

{¶8} In the instant matter, there is no final order since the trial court has not issued a ruling on damages and has deferred the amount of attorney fees to be determined to a later date. Until there has been a ruling on the damages and the amount of attorney fees is decided, all matters before the trial court have not been resolved. Appellant will have a meaningful and effective remedy by way of an appeal once the trial court enters a final order.

{¶9} For the foregoing reasons, this appeal is dismissed for lack of a final appealable order.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-061

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-061