[Cite as *Brawley v. Brawley*, 2025-Ohio-5715.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| LARRY BRAWLEY, et al., | **CASE NO. 2025-P-0077** |
| Plaintiffs-Appellees, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| LISA BRAWLEY, et al., | |
| Defendants-Appellants. | Trial Court No. 2024 CV 00734 |

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: December 22, 2025
Judgment: Appeal dismissed

---

*Chad E. Murdock*, P.O. Box 334, Rootstown, OH 44272 (For Plaintiffs-Appellees).

*Jason A. Whitacre*, Flynn Keith & Flynn, L.L.C., P.O. Box 762, 214 South Water Street, Kent, OH 44240, and *Craig W. Beidler*, 1392 High Street, Suite 200, Wadsworth, OH 44281 (For Defendants-Appellants).

EUGENE A. LUCCI, J.

{¶1} On October 31, 2025, appellants, Lisa Brawley and Joseph Brawley, through counsel, appealed from a Portage County Court of Common Pleas' entry.

{¶2} In the underlying matter, appellees, Larry Brawley and Keith Brawley, filed a complaint against appellants, who are their siblings, for the production of trust records and damages. Appellees filed a partial motion for summary judgment. In its October 1, 2025 entry, the trial court granted appellees' motion for partial summary judgment on the issue of breach of trust/breach of contract and ordered that a determination of damages be reserved for future proceedings. The trial court also directed appellants to provide a

full accounting of all trust activities within 30 days and ordered the parties to participate in mediation prior to the scheduling of any damages hearing. It is from that entry that this appeal ensued.

{¶3} Appellees filed a motion to dismiss the appeal for lack of a final order. Appellants opposed the motion, and appellees filed a reply to the opposition.

{¶4} Under Ohio Const., art. IV, § 3(B)(2), an appellate court can only immediately review a trial court's judgment if it constitutes a "final order" in the action. *Tamarac Apartments, LLC v. Austin*, 2025-Ohio-2737, ¶ 4 (11th Dist.). If a trial court entry is not final, then a reviewing court does not have jurisdiction to review the matter, and the matter must be dismissed. *Id.* For a judgment to be final and appealable, it must generally satisfy R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Id.*

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals. Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action . . . , the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶6} This court has stated that an entry in a civil matter that defers damages for a later determination of an uncertain amount is not a final appealable order because it does not determine the action, prevent a judgment, or affect a substantial right in a special proceeding. *Jones v. Russell*, 2023-Ohio-3418, ¶ 8 (11th Dist.).

{¶7} In the instant matter, there is no final order since the trial court has not issued a ruling on damages and has deferred damages to be determined at a later date.

Case No. 2025-P-0077

All matters before the trial court have not been resolved. Appellants will have a meaningful and effective remedy by way of an appeal once the trial court enters a final judgment.

{¶8} For the foregoing reasons, appellees' motion to dismiss the appeal is granted, and this appeal is hereby dismissed for lack of a final appealable order

ROBERT J. PATTON, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-P-0077

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellees' motion to dismiss is granted. This appeal is hereby dismissed for lack of a final appealable order.

Costs to be taxed against appellants.


_____
JUDGE EUGENE A. LUCCI


_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0077