[Cite as *Yacoub v. Perry*, 2026-Ohio-606.]

### IN THE COURT OF APPEALS OF OHIO
### ELEVENTH APPELLATE DISTRICT
### TRUMBULL COUNTY

DUROUB YACOUB, et al.,

      Plaintiffs-Appellants,

- vs -

JARROD PERRY, et al.,

      Defendants-Appellees.

CASE NO. 2025-T-0055

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2023 CV 01574

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: February 23, 2026
Judgment: Appeal dismissed

---

*Irene K. Makridis*, 183 West Market Street, Suite 200, Warren, OH 44481 (For Plaintiffs-Appellants).

*Craig G. Pelini*, Pelini, Campbell & Ricard, L.L.C., 8040 Cleveland Avenue, N.W., Suite 400, North Canton, OH 44720 (For Defendants-Appellees).

EUGENE A. LUCCI, J.

{¶1} On August 21, 2025, appellants, Duroub Yacoub and Masoud Aleker, through counsel, appealed an entry from the Trumbull County Court of Common Pleas.

{¶2} In the underlying matter, appellants filed two separate complaints, one against appellee, Jarrod Perry, and the other against appellees, Martha Sears and Joseph Sears, as a result of two separate 2018 motor vehicle accidents that occurred in a five-month period. Appellants later filed a consolidated case because both accidents involved injuries to the same parts of Ms. Yacoub's body. The case was tried before a jury, and appellants were awarded zero damages. Appellants filed for a new trial, which the trial court denied in the July 24, 2025 entry. It is from that entry that this appeal ensued.

{¶3} This court issued an entry ordering the parties to show cause why this appeal should not be dismissed for lack of a final appealable order since the trial court did not issue an entry resolving the claims in the case. Appellants responded and indicated that "the trial court may not have journalized a separate final judgment entry expressly disposing of all claims." Appellants further acknowledged that where issues remain unresolved and further action may be contemplated, an entry is not final.

{¶4} We must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Ohio Const., art. IV, § 3(B)(2), an appellate court can only immediately review a trial court's judgment if it constitutes a "final order" in the action. If a trial court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Tamarac Apartments, LLC v. Austin*, 2025-Ohio-2737, ¶ 4 (11th Dist.). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *Id*.

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by this court. In the case at hand, the trial court's July 24, 2025 judgment entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B).

{¶6} A party may appeal a judgment denying a post-trial motion, such as a motion for new trial, only if the underlying entry was final and appealable. *Jones v. Carpenter*, 2017-Ohio-440, ¶ 14 (10th Dist.).

{¶7} In this case, the jury returned a defense verdict awarding zero damages. The docket shows three general verdict forms entered in favor of the three appellees, but

as of the date of the notice of appeal, August 21, 2025, there was no final entry filed. The trial court did not issue an entry disposing of the claims. The July 24, 2025 entry simply denied appellants' motion for new trial. Therefore, the July 24, 2025 entry was not a final appealable order, and appellants' appeal from that order is premature. Nothing is preventing appellants from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶8} Accordingly, this appeal is hereby sua sponte dismissed for lack of a final appealable order.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0055

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, this appeal is hereby sua sponte dismissed for lack of a final appealable order.

Costs to be taxed against appellants.

 

_____
JUDGE EUGENE A. LUCCI

 

_____
JUDGE JOHN J. EKLUND,
concurs

 

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-T-0055